MICHAEL MURPHY, ADM'R V. PETER J. MENARD AND OTHERS.

See this case as to the extension of the period allowed for administering estates, under the Act of March 16th, 1840, and as to the liabilities of sureties, after that Act and before the Act of February 2nd, 1844.

See this case for circumstances under which it was held that the presumption was that all debts against an estate were barred or paid, and that the remaining assets belonged to the heirs, and that therefore the estate could not be re-opened by the appointment of an administrator *de bonis non;* and also as to suit on the bond of a former administrator by an administrator *de bonis non.*

Comments on the report of Murphy v. Menard, 11 Tex. R. 673.

Appeal from Liberty.

*E. B. Pickett,* for appellant.

*B. C. Franklin,* for appellees.

LIPSCOMB, J. This suit was brought by the appellant, as administrator *de bonis non* of Nicholas Lynch, against the former administrator and his securities, on an administration bond.

On the 4th day of October, A. D. 1841, letters of administration were granted to Peter J. Menard, on the estate of Nicholas Lynch; bond was given by the administrator, with F. Hardin and Reason Green as his securities. At the expiration of one year from the date of the administration, the administrator, on application to the Court, had the time extended one year, for closing the administration. No further application was made for an extention of the time for closing the succession. On the 30th October, A. D., 1843, there appears from the record to be an account rendered by the administrator to the Probate Court, of assets in hand, and the condition of the estate. This is the last foot print made by the administrator in the Probate Court in relation to the estate. It appears from

the allegation of the plaintiff, that Menard was removed from the administration by the Probate Court on the 31st January, 1848. In April, 1851, the appellant was appointed administrator *de bonis non* of the estate of Nicholas Lynch, and on the 2nd of January, A. D. 1851, commenced suit on the bond to recover the penalty of the bond, or the full amount of the effects belonging to the estate in the hands of the former administrator. The suit was brought against the former administrator and his securities, Harden and Green. The defendants filed a general demurrer to the petition, which was sustained by the Court, and judgment rendered for the defendant, from which the plaintiff appealed.

In support of the judgment on the demurrer, it is contended that the action could not be maintained on the bond, for the reason, first, that the breach was after the obligation of the securities had expired; second, from the lapse of time before the administrator *de bonis non* was appointed; that the former administrator was answerable to the heirs, or the creditors, and that an administration *de bonis non* ought not to have been granted; that the Act of the Legislature of 1848, authorizing an administrator *de bonis non* to sue the former administrator on his bond, is unconstitutional so far as it is sought to be made to operate upon administrations previously granted.

At the date of the bond sued on and the administration, the Probate law gave the term of twelve months for closing the succession, with the privilege of the administrator to ask and have the term extended by the Probate Court, on sufficient cause being shown. (Art. 1026, Hart. Dig.) The Statute imposes no limit to the Court as to the term to be given; it only authorizes the Court to extend the term. By the law in force prior to the Statute cited, the succession was required to be closed within twelve months, but it could be extended by application to the Court and sufficient cause shown, from year to year, not exceeding five years. (Art. 1179 and 1198, Civil Code Louisiana; see also Flores v. Howth, 5 Tex. R. 331.) By the same Code, (Art. 1199) "The Judge who prolongs the

" administration of a vacant succession or of absent heirs be-
" yond a year, is bound, every year of the prolongation thus
" granted, to exact from the curator a renewal of the security
" which he has given for the fidelity of his administration."
The Louisiana law of successions of vacant estates, was in
force, by adoption, (Ordinance of the Consultation, 22d Jan'y,
1836,) until an Act of Congress of the Republic went into ef-
fect, 16th March, 1840. This Act makes no provision for a
renewal of the administrator's security, on the prolongation of
the term for closing the succession. By the Act of 2d Feb'y,
1844, (Hart. Dig. Art. 1069,) it is provided that when further
time, after the expiration of one year, is granted to an admin-
istrator or executor, such executor or administrator shall not
be required to execute a new bond for the faithful performance
of his duties, but the original bond of such administrator or
executor shall be deemed and held as sufficient and binding,
until the final settlement of the estate. The laws of Louisiana
on this subject, introduced by the Ordinance of the Consulta-
tion, were like any other law, to remain in force until repealed ;
and it was not required that they should be repealed all of
them by one Act. It may be, that it was the intention of the
Legislature, in enacting the law of 1840, to substitute it en-
tirely for the Louisiana law, as a new system ; and this may be
inferred from the minute, circumstantial manner in which that
Act of seventy-two Sections is framed ; but in the concluding
part of the Act, it is not assumed that all laws on the subject
are repealed ; it only repeals all laws and parts of laws con-
flicting with and contrary to the provisions of the Act. The
inference is, that as the new law made no provision, and made
no mention of so much of the old law as required that new se-
curity should be given on the prolongation of the time for
closing the succession, the old law not being in this respect in
conflict with the new, it remained in full force, and was not al-
tered or repealed until the enactment of the law of 2d Feb'y,
1844, and consequently the bond sued on in this case was only
obligatory for the acts of the administrator for one year from

the grant of administration, (See Flores v. Howth, before cited,) unless the above noticed Act of 1844 made it binding on securities previously entered into. This proposition is not sustainable, because the term for which the securities were bound on their bond had expired, and it was not competent for the Legislature to create a new liability. And further, it was not competent for the Legislature to impose additional and onerous conditions upon the makers of the bond, by a law passed subsequent to the date of the bond. Securities to a bond subsequent to the Statute, would be bound coextensive with the law then in force. There is no charge of any default during the year, and the securities were not bound beyond that period; (See Flores v. Howth;) and the demurrer as to them was well taken and properly sustained.

It remains to enquire whether the suit as brought, can be sustained against the principal in the bond sued on, the administrator. It appears that the administrator obtained the prolongation of the term once, for one year. This would extend the time for closing the administration until the 4th day of October, 1843. And the account rendered of property, assets, &c., in the hands of the administrator was returned to the Probate Court by him in the same month, without any action, however, of the Court. This account shows the large amount of $17,483, for which amount plaintiff seeks a recovery. The administration had expired before this return was made.

It may be well to enquire whether any Act by him, after the expiration of the time limited, can be regarded as done in his fiduciary character as administrator. By the Act of 1840, (Hart. Dig. Art. 1026,) it is enacted as follows : "And should "the said executor or administrator fail to render his account "to the Probate Court, at or before the end of the first Term of "the Probate Court after the expiration of twelve months from "the grant of letters testamentary or of administration ; or "should he fail to pay the creditors according to the order of "the Probate Court made in relation thereto, within ten days "after granting such order, then execution may issue from the

"Probate Court, in the name of the creditors whom he has "failed to pay, against the property of the said executor or ad-"ministrator and his securities, which shall be sold," &c. It appears that the account could be rendered to the Probate Court after the expiration of the period limited for closing the succession, and that debts could be paid by the administrator, and his securities would be bound on failure. He was required first to make his return, and secondly to pay debts. The securities (here meant) applies to those who were bound for the administration for the term limited, and not to those whose obligation had expired before the default. Now it is believed that the Term which is referred to when the return shall be made by the administrator, is after the expiration of the prolonged time, if it has been prolonged. Hence it would make the new securities liable; those taken on the prolongation of time; or if it had not been prolonged, it would be of course the original securities.

The record does not show precisely whether the return was made to the first Term of the Probate Court after the expiration of the prolonged time; but the presumption is that it was made within the proper time, as it was within one month after the expiration of the time limited to close the succession. This return is the last act of the administrator. It furnished creditors the means of procuring payment, and the presumption is that they were all paid before the order of the Court in 1848, revoking the letters of administration, a period of nearly five years. The act of the Court revoking the letters of administration was needless, because they had long since expired by the limitation of law.

The debts being all presumed to be either paid or barred by the Statute of Limitations, the assets belonged to the heir or legatee, and they could have sued for those assets. It is not necessary to discuss the doctrine how far an executor or administrator may by his own acts estop themselves from changing their fiduciary character. Under some circumstances, it may well be imagined that they might be so estopped; but there

is nothing on the record to create any presumption that the administrator was holding out to the world his fiduciary character, after it had in law ceased to exist. We believe that according to the doctrine of the cases of Fisk v. Norvel, (9 Tex. R. 13,) Boyle v. Forbes, (Id. 35,) and Chandler v. Hudson's Ex'rs, (11 Tex. R. 32,) decided by this Court, after the lapse of time from October, 1843, until the appointing of the administrator *de bonis non* in 1851, the administration must be regarded as closed ; and no legal administrator *de bonis non* could be required and ought not to have been appointed, and that his appointment could give no right of action, because there were none to whom the administrator could account, (the debts being supposed to be paid,) but the heirs or legatees. We can see no necessity for the appointment of an administrator *de bonis non*, but if appointed he would have no right of action on the bond in this case, and therefore the judgment must be affirmed.

WHEELER, J. In reporting the case of Murphy v. Menard, decided at the last Term of this Court, (11 Tex. R. 673,) the Reporter has understood the Court as maintaining the proposition, that " the only action which an administrator *de bonis non* can have against a former administrator is on his bond," &c. This is a mistake. The case does not warrant, nor does the opinion maintain such a doctrine. It holds, upon that point, that the administrator *de bonis non* can sue the former administrator only in the cases provided for in Article 1224 of the Digest. But it was not proposed to give a construction of that Article, nor did the case call for it. The Article was referred to merely as containing the provision for suits by the administrator *de bonis non* against the former administrator. A reference, contained in the opinion, may have misled ; but that reference evidently was not made as having any bearing whatever on the construction to be given to the Article in question. Nor was any observation in the opinion made with any such intention. Had it been proposed to give a construc-

tion to that Article, upon the point in question, it must have been held, that the "power to settle with the former executor "or administrator of the estate, and to receive and receipt for "all such portion of the estate as remains in his hands;" conferred by that Section of the Statute, necessarily implies the authority to call the former administrator to account ; and to sue him for any of the effects remaining in his hands, not administered. This, of course, would not require a resort to suit upon his bond. But he may also be sued upon the bond, as provided in that Section of the Statute. These observations are deemed proper to correct the report of that case.

In respect to the disposition of the present case, I have felt much hesitancy. But I do not propose to enter upon a discussion of the questions involved. Perhaps, upon the authority of former decisions, it may be maintained that the right of action was barred by limitation ; not only as against the sureties, but also as to the principal. But of this I cannot say I am well satisfied.

Judgment affirmed.