## JEREMIAH M. MAIN v. JAMES G. BROWN.

### No. 2451.

**1. Close of Administration.**—Without a statute or a well established rule to that effect we would be loath to hold that mere lapse of time without action by the court in an administration would relieve the administrator from being called to account in the Probate Court.

**2. Administrator a Trustee.**—An administrator is a trustee charged with the management of a trust estate under the rules of the Probate Court. He ought not to be allowed to plead his own laches as a bar to the jurisdiction of the court to compel him to make settlement of the trust estate.

**3. Non-Action in Administration.**—Letters of administration were granted in 1862. The executor filed bond. The bond, and inventory if any, were lost. In 1879 a motion was made by the legatees to compel an exhibit and account. *Held,* that such motion was not barred by the lapse of time or non-action in the Probate Court, and the action of the District Court (to which the motion had been taken by certiorari) dismissing the proceedings for want of jurisdiction of the Probate Court to compel an exhibit and settlement *held* error.

**4. Acts of Administration.**—Where an executor qualified as such his acts in collecting rent for the property of the estate are acts in the administration.

**5. Cases Discussed.**—Murphy v. Menard, 14 Texas, 62; Portis v. Cummings, 14 Texas, 139; and Marks v. Hill, 46 Texas, 350.

ERROR from Cameron. Tried below before Hon. John C. Russell. The opinion states the case.

*W. A. Crafts* and *Coopwood & Son,* for plaintiff in error.—The District Court had jurisdiction to revise and correct the proceedings specified in the writ of certiorari, and the County Court had jurisdiction of

the defendant, who was before it as administrator, seeking settlement of his final account and discharge as administrator of the estate, and procured its action and rulings sought to be revised and corrected by trial de novo in the District Court.

2. The court erred in not overruling the defendant's plea to the jurisdiction of the court and in not proceeding to the trial of the cause upon its merits, as upon the state of the case the jurisdiction of the court had duly attached.

*Waul & Walker*, for defendant in error.— 1. Where the court *a quo* was without jurisdiction the District (appellate) Court is also without jurisdiction. Ten years affords presumption of close of administration. The administration was opened in 1862. The first action on the part of Petra de Lorasquitu was on August 29, 1879. Defendant pleaded limitation in the County Court. Portis v. Cummings, 14 Texas, 139; Murphy v. Menard, 14 Texas, 62; Boyle v. Forbes, 9 Texas, 35; Marks v. Hill, 46 Texas, 350; Timmins v. Bonner, 58 Texas, 554.

2. The action of the County Court in making the orders shown by the record was null and void. It had no jurisdiction of the matters adjudged after a lapse of seventeen years. This court will examine the whole proceeding to ascertain jurisdiction, and not merely the petition for certiorari. Marks v. Hill, 46 Texas, 350; Darby v. Davidson, 27 Texas, 432; Jones v. Nold, 22 Texas, 379.

3. The District Court was the only tribunal having original jurisdiction of the matters adjudged by the County Court and complained of by the petition for certiorari. The County Court had no original jurisdiction and the District Court had none as an appellate tribunal. Timmins v. Bonner, 58 Texas, 554.

COLLARD, JUDGE.—On November 28, 1862, James G. Brown, defendant in error, was appointed by the Probate Court of Cameron County administrator with the will annexed of the estate of Ramon de Lorasquitu, deceased. The will divided the property of deceased equally between his four children, Petra, Angel, Pedro, and Refugia, at the time minors. The administrator gave bond in the sum of $8000, which was duly approved and ordered to record, but it was not recorded and was lost from the files. Appraisers were appointed to value the estate November 28, 1862, but if any inventory was ever filed the records and files do not show it. On the 29th day of May, 1863, Brown was also appointed, by the same court, guardian of the persons and estates of the minor legatees.

No order was made or paper filed in the succession from the 28th of November, 1862, until August 23, 1879, sixteen years and nine months, when a motion was filed in the Probate Court by Petra, Angel, and Pe-

dro, then aged 25, 24, and 19 years respectively, setting out the foregoing facts, and charging the administrator with having taken into his possession the whole of the estate, alleged to have been worth $12,000, and that he had never accounted for any of it, except a part of a lot and house on Market Square, in the town of Brownsville, and $90 in rent on another house on Elizabeth street, in same town, and that this was done between September 1, 1878, and June 1, 1879. The relators prayed that the administrator be required to file a new bond, his bondsmen being insolvent and having moved out of the State; also, that he be required to file an inventory of the estate, an exhibit, and account.

After some delay the administrator filed his account, which brought the estate in his debt $5977.38, charging the minors with board, schooling, and clothing—Petra with $2950, Angel with $2600, and Pedro with $1150. These, with other items charged to the estate, aggregated $7711.38. Credits were admitted amounting to $1734, leaving the estate as before stated in debt to the administrator $5977.38.

The account was contested, many items were disputed, and it was charged that the administrator had not accounted for all the property received. After hearing the evidence the probate judge restated the account so as to charge the administrator with $2880 cash and to credit him with the same amount, so the debits and credits exactly balanced, leaving for distribution between the legatees the two lots and houses. It was ordered accordingly on March 22, 1881.

On July 6, 1881, Petra and Angel applied to the District Court of the county for a certiorari to bring the cause before that court for revision. The writ was granted but the administrator moved to dismiss the proceeding upon the ground that the Probate Court had no jurisdiction. The court sustained the motion, and Petra de Lorasquitu's executor, she having died, has brought the cause to this court by writ of error.

It is claimed by defendant in error that so long a time elapsed, sixteen years and nine months, during which the administration was ignored by the Probate Court that it would be conclusively presumed to have been closed. We can not agree to the proposition contended for by defendant in error. In support of his position he cites the cases of Michael Murphy, Administrator, v. Menard et al., 14 Texas, 62; Portis v. Cummings, Id., 139; and Marks v. Hill, 46 Texas, 350.

The case of Murphy v. Menard turned upon the statute of 1840, which limited the period of administration to one year from the day of appointment of an administrator, with power in the court to extend the time on good cause shown. The court had extended the administration for one year, and upon the expiration of the time as extended the administrator rendered an account of the assets in hand and the condition of the estate. Nothing more was done until seven years thereafter, when an adminis-

trator *de bonis non* was appointed. It was decided that after the lapse of such time no legal administration *de bonis non* could be had.

The case of Portis v. Cummings rests upon the authority of Murphy v. Menard and the statute of 1840 above cited. In that case the administration was granted in 1839; by order of the court the term of administration was extended to the December Term, 1840. In January, 1841, the administratrix was cited to render final account, which was rendered on the following February. There was no other act done in the administration until in November, 1849, when she was cited to account upon the application of one of the heirs of the estate. It was held that "prima facie the presumption must be that her official connection with the succession in the character of administratrix had been determined," but it was also held that the presumption might have been rebutted by showing that the administration had not been closed and that the administratrix was still acting in that capacity.

These two cases can not be invoked in support of the position of defendant in error, because what was said to establish the doctrine was due to a statute which required the close of an administration in one year after letters were granted unless extended by the court. The decision in the other case cited, Marks v. Hill, rests upon the want of power in the Probate Court to grant the order made. "After a lapse of over ten years without any action in the administration," the court say in that case, "it may well be held that the administration was no longer open. * * * But even if the administration were still open, we are of opinion that the order of the court was unauthorized." The order in question was one setting aside property of the estate at its appraised value to the widow of deceased for a year's support. There was no law authorizing this disposition of the estate at the time and for a long time after the administration was granted; and while an act was passed afterwards and in existence at the time of the order authorizing such action, it was held that as the law required this to be done at the first term of the court after the grant of letters the act would not have an indefinite retroactive operation. In this view of the matter the court held the action of the court null and void.

Without a statute or a well established rule to that effect we would be loath to hold that mere lapse of time without action by the court in an administration would relieve the administrator from being called to account in the Probate Court. Since the administration upon the estate of Ramon de Lorasquitu was granted there has been no statute in this State fixing the term of an administration. An administrator may be cited by an heir or by the court to render his final account and close the estate, or he may himself file the account and ask his discharge by the court after the estate has been fully administered. Certain formalities are required and certain conditions must exist as laid down in the statute

before the administrator can be discharged, and these provisions of the law have been in force since the Act of 1848. He ought not to be allowed to discharge himself by his own neglect of duty.. When the estate is ready to be closed it is his duty to render an account to the Probate Court of his acts, the money received and disbursed, and to show the present condition of the estate. There is a distinction in holding an administration closed for some purposes and for calling the administrator to account in the Probate Court. He is a trustee, charged with the management of a trust estate under the rules of the probate law. He ought not to be allowed to plead his own laches as a bar to the jurisdiction of the court to compel him to make settlement of the trust estate. The law has fixed the jurisdiction and he should not be allowed to evade it by his own wrong and neglect. His laches might be pleaded by others so as to deprive the court of jurisdiction to order sales of the estate, to reopen the succession, and for some other purposes, but he should not be heard to deny the court's power conferred by statute to cite him to account upon such grounds. In the absence of a statute or a decision of our courts fixing some definite limit to the term of administrations we can not say that the administrator of Lorasquitu's estate is entitled to the legal presumption that the succession was closed and that the Probate Court had, merely by the lapse of time as shown in which no order was made, lost its power to compel him to render a final account and make settlement with the legatees.

In his final account, and in response to the citation of the court to make settlement, he acknowledged that he had some of the estate property still in his hands—a note, $280 in Mexican coin, and one pair of ox cart wheels—and that he rented the real estate from 1865 to 1878. These facts deny the presumption he seeks to invoke, at least the renting of the houses does. By this he admits he was still up to 1878 acting as administrator of the estate. If the administration would after such lapse of time be presumed to have been closed so as to deprive the court of jurisdiction the presumption could not be indulged against the fact that he was still acting in the capacity of administrator.

We conclude the judgment should be reversed and the cause remanded for trial.

*Reversed and remanded.*

Adopted January 22, 1889.