GALLASPIE et al. v. HARDY et al.
(No. 201.)

(Court of Civil Appeals of Texas. Beaumont.
May 30, 1917.)

1. EXECUTORS AND ADMINISTRATORS ☞33—
SETTLEMENT OF ESTATE—DISCHARGE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3563, provides that when all the debts known to exist of every kind against the estate of a deceased person have been paid, the executor or administrator shall present his account for final settlement. Article 3564 prescribes what such account shall show. Article 3565 allows reference to inventories and reports without the restatement of items. Article 3566 provides for the citation of the executor or administrator in case of neglect to file the account. Article 3567 provides that upon presentation of an account for final settlement, the clerk shall issue a citation requiring all persons interested to appear. Article 3568 provides that such citation shall be published for at least 20 days. Article 3569 provides that the county judge may, in addition, order such other notices as he shall deem expedient. Article 3570 provides that at the term of court named in such citation, upon return being made that it has been served in the manner required, the court shall examine the account, and, after hearing, settle the same. An administrator rendered his final account for the settlement of an estate, and was discharged by an order entered upon the same day. *Held,* the 20 days' notice required by statute not having been given, the order of discharge was void.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 213–222.]

2. EXECUTORS AND ADMINISTRATORS ☞314(8) —SETTLEMENT OF ESTATE—DISTRIBUTION.

Evidence, in a suit by a distributee of the estate of a decedent, for the delivery of her share brought against the administrator, *held* not to sustain a finding that a payment by the administrator was in full of plaintiff's share, the utmost fullness being required in a hearing for the settlement of the estate by Vernon's Sayles' Ann. Civ. St. 1914, art. 3571, providing that upon the settlement of an estate, if there be any estate remaining in the hands of the representative, and the heirs or distributees are present or represented in court, the county judge shall order a partition and distribution among

them; article 3572 providing that, in the absence of such estate, the personal representative may be discharged by order entered upon the minutes, and article 3573 providing that when the executor or administrator has fully administered the estate, the court shall enter an order discharging him.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1285.]

Appeal from District Court, Newton County; A. E. Davis, Judge..

Action by M. J. Gallaspie and another against W. W. Hardy and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

A. L. Shaw, of Newton, for appellants. Wightman & Hancock, of Newton, for appellees.

BROOKE, J. The facts seem to be as follows: W. W. Hardy was duly and legally appointed administrator of the estate of G. J. P. Hardy, deceased, and that he gave bond as administrator in the sum of $5,000, with C. A. Woods, L. M. Autrey, E. O. Terry, and E. J. Newberry, as sureties; that the proceedings had partitioning the said estate were regular; that 17⅞ acres of the William McMahon survey of land, valued at $214.50, also lot No. 2 in block No. 4 of the Hardy addition to the town of Newton, valued at $25, and one chifforobe, valued at $20, and $262.-79 in cash was allotted and decreed by said partition to Mrs. M. J. Gallaspie, as heir and distributee of said estate of G. J. P. Hardy, deceased; that on the 20th day of April, 1916, after the final decree of partition and distribution was entered by the probate court, directing said administrator to deliver the said property and money so allotted and decreed to the said Mrs. M. J. Gallaspie, the said administrator filed his application to be discharged as said administrator, and on the same day as shown by the record, said probate court entered an order and judgment discharging the administrator. The case was tried before the court on the 14th day of September, 1916, and the court rendered judgment for the defendants, from which judgment the plaintiff has perfected her appeal, and the court also filed its findings of fact and conclusions of law, as follows:

"Findings of Fact.

"(1) I find from the evidence and agreement of the parties that W. W. Hardy was duly and legally appointed administrator of the estate of G. J. P. Hardy, deceased, and that the sureties on the bond of said W. W. Hardy as said administrator were C. A. Woods, L. M. Autrey, E. O. Terry, and E. J. Newberry, which said bond was in the sum of $5,000.

"(2) I further find that the county probate court of Newton county, Tex., entered a valid order on the 4th day of April, 1916, directing a partition of the estate of G. J. P. Hardy, deceased, and that a proper writ was issued by the clerk, directing the partition in accordance with said decree; that said partition was properly made and returned into court; that the court entered a proper order approving said report; that the said W. W. Hardy, administra-

196 S.W.—38

tor, was properly served with citation in the matter of said partition.

"(3) I further find that the property in controversy in this suit, or the value thereof, was set aside to Mrs. M. J. Gallaspie as her portion of said estate of G. J. P. Hardy, deceased.

"(4) I further find that thereafter, to wit, on the 20th day of April, 1916, the said W. W. Hardy, as administrator, filed in said county court his application to be discharged as said administrator.

"(5) I further find that the county court entered its decree dated April 20, 1916, discharging the said W. W. Hardy, as administrator.

"(6) I further find that said judgment is a valid and subsisting judgment of said court, a court of record having all of the parties before it, and the recitals in said judgment, to the effect that the plaintiff, Mrs. M. J. Gallaspie had received her share and portion of said estate, based on an attached deed from her and her husband, are valid and binding, and that the same cannot be attacked collaterally.

"(7) I find that the deed executed by the plaintiff, Mrs. M. J. Gallaspie and her husband, T. W. Gallaspie, to W. W. Hardy conveyed all of the right, title, and interest held by the said plaintiff in and to the estate of G. J. P. Hardy, deceased.

"(8) I further find that the said W. W. Hardy did not mislead, defraud, cheat, or in any manner deceive Mrs. M. J. Gallaspie when he procured the deed from her to her portion of said estate of G. J. P. Hardy, deceased, but that said deal was fairly and honestly made, and that it clearly purports the transaction between the parties; all of whom clearly understanding what was being done and agreeing thereto.

"(9) I further find that the consideration for the deed from Mrs. M. J. Gallaspie to W. W. Hardy was $100 in cash and the personal conditional obligation executed by the said W. W. Hardy to Mrs. M. J. Gallaspie, and that said obligation was executed and accepted as the individual act of the said W. W. Hardy, and not as administrator of said estate.

"(10) I further find that when Mrs. M. J. Gallaspie accepted the personal conditional obligation of the said W. W. Hardy and the $100 and delivered her deed for her interest in said estate, that she parted with all her title to said estate, and had accepted the personal obligation of the said Hardy in lieu of her claim in said estate.

"Conclusions of Law.

"From the foregoing findings of fact, I conclude that the law is with the defendants."

[1] The contention seems to be that the administrator was improperly discharged among other things because notice was not given as required by law, and also that there was no delivery of the property partitioned to appellants in this case. Article 3563, Vernon's Sayles' Texas Civil Statutes of 1914, provides:

"When all the debts known to exist of every kind against the estate of a deceased person have been paid, or when they have been paid so far as the assets of the estate in the hands of the executor or administrator will permit, it shall be the duty of the executor or administrator of such estate to present to the court his account for final settlement of such estate verified by affidavit."

Article 3564 of said statutes provides:

"Such accounts shall show:

"1. The property that has come into the hands of such executor or administrator belonging to the estate.

"2. The disposition that has been made of any such property.

"3. The debts that have been paid.

"4. The debts and expenses, if any, still owing by the estate.

"5. The property of the estate, if any, still remaining on hand.

"6. The persons entitled to receive any portion of such estate, and their residence, if known, and whether adults or minors, and if minors, the names of their guardians.

"7. Any advancements or payments that may have been made by the executor or administrator from such estate to any * * * person.

"8. Said account shall be accompanied by proper vouchers in support of each item thereof, and such account and vouchers shall be filed with the clerk, either in term time or in vacation."

It was held under the last-named article that an administrator's account filed and allowed was an intermediate, and not a final, account. Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129. Article 3565 of said statutes provides:

"It shall be sufficient, under the preceding article, to refer to the inventory without giving each item in detail; also to refer to and adopt report of sales, exhibits and accounts of the executor or administrator, including vouchers which had previously been approved and filed according to law, without restating the items thereof."

Article 3566 of said statutes provides:

"Should the executor or administrator neglect to present such account, it shall be the duty of the county judge, either of his own motion or upon the complaint of any person interested in the estate, to cause such executor or administrator to be cited to present such account within a time specified in such citation."

It has been held under this article that after an administrator has filed his final exhibit and report of his administration, which is approved, and the estate is partitioned among those entitled, after being withdrawn from administration, no power exists in the probate court to require the administrator to file an additional inventory, and an order requiring this is void. If the administrator is indebted to the heirs after such final report and close of the administration, and for assets not formerly reported or not accounted for by him, their remedy is by direct proceeding against him. Davis v. Harwood, 70 Tex. 71, 8 S. W. 58. It has also been held under the last-named article that the executor can be compelled to make final settlement by the probate court upon the application of any person interested in the estate. The district court cannot take such jurisdiction when the probate court is open and qualified to act. McCorkle v. McCorkle, 60 S. W. 435. It has also been held that the mere lapse of time without action by the court in an administration will not relieve the administrator from being called to account in the probate court. Main v. Brown, 72 Tex. 505, 10 S. W. 571, 13 Am. St. Rep. 823. Article 3567 of said statutes provides:

"Upon the presentation of an account for final settlement, it shall be the duty of the clerk to issue a citation, which shall state the presentation of said account, the term of the court when it will be acted on, and shall require all persons interested to appear and contest the same if they see proper."

Article 3568 Id., provides:

"Such citation shall be published for at least twenty days in a newspaper printed in the county, if there be one, if not then by posting such notice at the court house and at two other public places in the county, not in the same town or city for at least twenty days. When the citation has been published, the affidavit of the publisher or printer attached to a copy thereof, that the same has been published for at least twenty days, shall accompany the return of the officer who executes such citation. When the citation has been posted, the original citation, with the return of the officer posting the same indorsed thereon or attached thereto, shall be filed."

Article 3569 of said statutes provides:

"In addition to the citation required in the two preceding articles, the county judge may order such other notice to be given as he shall deem expedient, by an order entered upon the minutes of the court."

Article 3570 Id., provides:

"At the term of court named in such citation, or at some subsequent term to which the same has been continued, upon return being made that citation has been served in the manner required, it shall be the duty of the court to examine said account and the vouchers accompanying the same, and after hearing all exceptions and objections thereto, and the evidence that may be offered in support of or against such account, to restate said account, if necessary, and audit and settle the same."

The statutes being as above, the action of the court, as stated heretofore, being that the final account was filed and presented on the 20th day of April, and that on the same date, the order was entered by the probate court discharging the administrator. The said order is complained of by the first assignment, as follows:

"The court erred, in the first portion of its sixth finding of fact, to the effect that the decree dated April 20, 1916, discharging the said W. W. Hardy as administrator to be valid and subsisting judgment of said court, for the reason that the evidence adduced upon the trial was insufficient to warrant the finding of the court to that effect, because by the undisputed evidence it was shown that the judgment discharging the said W. W. Hardy as administrator to be void, for the failure of filing the application for final settlement and discharge, the issuance of citation by the county clerk, and return thereon within the statutory time before the hearing of said application and the judgment rendered thereon."

The proposition is that the judgment was void which was entered under such circumstances by the probate court, and therefore that the order entered on the 20th day of April, 1916, discharging the said W. W. Hardy as administrator of the estate of G. J. P. Hardy, deceased, was void. The contention of appellant is sound. The articles heretofore set out require, in plain language, that upon the filing of the final account, notice be given for a specified time and in a specified way, and that after such notice, as required by law, has been given, that the administrator can then be discharged. It is contended with more or less candor that the fact that on the 20th day of April, 1916, the appellant was, in fact and in truth, in the courthouse and present in proper person be-

fore the court, such contention, cannot be made seriously, and, if made seriously, would be a monstrous proposition. To say a party was in the courthouse and therefore, within the purview of the law, present, and that a judgment under such circumstances, entered without objection being made by the party, would be binding, would be, to say the least of it, frivolous, and to contend that the party present in the courthouse and in actual view of the court was participating, or could be held to be so, when the party had not been cited as required by law, and would be bound by the judgment of a court made and entered under such circumstances, is unthinkable. We are of opinion that the probate court in this case was without authority to enter such a judgment, discharging the administrator, and that the judgment so entered is void.

[2] It seems in this case that the appellant is complaining that, although the property was partitioned to her, the administrator failed and refused to deliver her the property, for the reason that some sort of a written agreement in shape of deed had been entered into by which the administrator had paid $100 to the appellant, and by some further written agreement it had been stipulated that upon certain events the administrator was to pay the appellant certain other sums. We desire to say that this court will not look, with any degree of complacency, upon a settlement, or proposed settlement, had between an administrator and a distributee, without the same has been fully gone into, without there is a full and complete understanding between the parties as to what shall be received, without the distributee fully understands the nature and extent of the act and of the agreement or contract entered into, and the court, in this case, before there should be a discharge of the administrator, should fully inquire into the circumstances surrounding the alleged settlement between the administrator and the appellant. It should be ascertained by the court that the appellant fully understood and agreed to any alleged settlement, and that the settlement was agreed to with a full understanding as to the rights of appellant in the premises. The appellant, as shown by the record, testified:

"My name is M. J. Gallaspie. I am married. My husband is T. W. Gallaspie. I am one of the surviving heirs of G. J. P. Hardy, Jr., deceased. My husband and I are the plaintiffs in this suit, and brought the suit to force W. W. Hardy, administrator of the estate of G. J. P. Hardy, Jr., deceased, to pay over to me my portion of the estate, partitioned to me, by the commissioners of partition. I was in the probate court the day the partition and distribution was made, and the other heirs received their portion of the said estate. On same date I gave A. L. Shaw a written order on W. W. Hardy, administrator of the estate of G. J. P. Hardy, Jr., deceased, for my portion of the estate. This is the order I gave Mr. Shaw, dated April 20, 1916: 'April 20, 1916. W. W. Hardy, Administrator of the Estate of G. J. P. Hardy, Jr., Deceased, as Appointed by the Probate Court of Newton County, Texas: Pay to A. L. Shaw, my attorney, in the above matter, the sum of $262.79, two hundred and sixty-two dollars and

seventy-nine cents, less the amount heretofore paid to me by you, being $100, making due me the sum of $162.79, as my portion of the money belonging to the estate of G. J. P. Hardy, Jr., deceased, with the real and personal property allotted me as a distributee of said estate, as is fully shown by the decree of the district court certified to the probate court for observance as well as the report of the commissioners appointed to partition said estate, and other papers filed in the probate court in said cause. You may hold this as a receipt for the authority of paying said amount to the said A. L. Shaw. [Signed] M. J. Gallaspie.' I have not received anything from W. W. Hardy, administrator of the estate of G. J. P. Hardy, Jr., deceased, since giving Mr. Shaw the order on W. W. Hardy. I have not received anything since the first time, the $100. The $100 he gave me at the time I signed the papers up for him, understanding if the rest of the heirs of G. J. P. Hardy got more than that he was giving me, then I was to have what the rest got. He gave me the $100 and told me to sign the paper for him. I don't know what kind of instrument it was, and said he would give me that much then, and if the rest of the heirs got any more than he was giving me then, I was to have as much as them, no matter how much it was. I received $100, is what I received under the agreement, that I should have what the rest got, which was put in writing. I haven't received anything since the order was made on W. W. Hardy, administrator of said estate, and delivered to Mr. A. L. Shaw. Yes, I executed a deed to W. W. Hardy, and at the execution of the deed he gave me a writing, as an agreement. Yes, this is the instrument, it was delivered to me at the time the deed was made, at the house of defendant, W. W. Hardy."

The instrument introduced in evidence was as follows:

"Newton, Texas, Apr. 3, 1913.
"The undersigned agrees, if there is a suit entered in the estate of G. J. P. Hardy, Jr., and the other heirs gain any more than the said M. J. Gallaspie is now receiving, she is to have as much as they get after the expense of obtaining same, and if no suit is entered this is void and finished.
"[Signed]                        W. W. Hardy.
"Witness:
    "Mary R. Hardy."

Witness continued:

"This agreement was delivered to me at the time the deed was made, and delivered to me by W. W. Hardy at his house in the presence of his wife and two daughters. Yes, Hugh Hardy talked to me a right smart about the deed and agreement at the time I received the $100. He understood the conditions of the transaction between W. W. Hardy and I."

A. L. Shaw testified:

"I was employed by Mrs. M. J. Gallaspie to recover her interest in the estate of G. J. P. Hardy, Jr., deceased, as decreed to her in the partition of said estate by the probate court, and on the 20th day of April, A. D. 1916, Mrs. Gallaspie delivered to me the order identified by her on W. W. Hardy, administrator of the estate of G. J. P. Hardy, Jr., deceased, for her portion of the estate, as described in the partition to the said M. J. Gallaspie, and on the 20th day of April, A. D. 1916, in person, presented to W. W. Hardy, the said administrator, the written order for the property or value thereof, which was after final decree of partition and distribution of the said estate in the probate court, and he said that he would not settle, and that he did not want to hear another damned thing about it."

Mrs. Gallaspie further testified:

"Yes, I delivered the deed to W. W. Hardy at the time I received the agreement executed by him. Yes, it was the same day. I do not know how much the other heirs received of the estate of G. J. P. Hardy, Jr., deceased, that were entitled to receive the same amount. I saw a check of a sister of mine, Mrs. McWilliams, for $174. I do not know how much they received."

And further:

"W. W. Hardy said he would give to me the $100 then to sign the deed, and later if any of the other heirs received any more from the estate of G. J. P. Hardy, Jr., deceased, than he gave me at that time, I was to have as much as any of them. I don't think he told me that my portion of the estate would be worth $100, or practically worthless. I think he said it would not be worth any more than $100, but he said I was to have as much as any of the heirs. Yes, he assured me that I should have as much as any of the other heirs. Yes, he was administrator of the estate of G. J. P. Hardy, Jr., deceased, at the time I received the $100, and delivered to him the deed, and he delivered to me the agreement. I don't remember what was said by W. W. Hardy about the estate being worthless, or practically worthless. I think maybe he did, I don't know; he said I should have as much as the rest of the heirs; that is the best of my recollection; that is all he promised. He was at my house, and Hugh Hardy was with him, and not at his home, when he promised me that he would sell his home place and everything, or I would be paid as much as the rest of the heirs out of the estate of G. J. P. Hardy, Jr., deceased, and I came to his home in Newton, Tex., and signed the papers for him. Yes, I believed the representations he made to be true. I thought W. W. Hardy and Hugh Hardy would do exactly what they said they would. Why, certainly, I acted upon the representation made me by W. W. Hardy. I believed every word he told me. I thought he would do what he said he would. I have always had the utmost confidence in him. Up to this time he has not carried out his agreement; he hasn't given me more than the $100 I received at the date I executed the deed to W. W. Hardy. Yes, I stated this morning that the agreement is the instrument W. W. Hardy gave me at the time I signed the deed. Why, I never read it over; I heard what he said. This reads (by attorney): 'The undersigned agrees, if there is a suit entered in the estate of G. J. P. Hardy, Jr., and the other heirs gain any more than the said M. J. Gallaspie is now receiving.' (That is you? By Mrs. M. J. Gallaspie: Yes, sir.) 'She is to have as much as they get after the expense of obtaining same, and if no suit is entered this is void and finished. [Signed] W. W. Hardy.' It is witnessed by Mary R. Hardy. Yes, that is the instrument he gave me that day. Yes, sir; his wife signed it. I understood it. He told his wife and girls I was to get as much as the other heirs, and, if they didn't get any more, I have that much; that is the truth, and nothing but the truth. I suppose that the suit to be brought, mentioned in the agreement, was the suit brought by the other heirs, my brothers and sister: they were going to bring suit against W. W. Hardy, administrator of the said estate, for their portion of the G. J. P. Hardy, Jr., estate. They would not sign a paper of $100; they brought suit against W. W. Hardy, administrator of the estate of G. J. P. Hardy, Jr., deceased. They certainly brought suit against him. I do not know how much they recovered, but they recovered more than I received. The suit was brought here, in Newton. Yes, it was brought after the deed and the agreement was signed and delivered. Suit was brought by Mrs. McWilliams. I really don't know whether a brother of mine, T. C. Hardy, had anything to do with bringing the suit or not. I know my sister did. I think she was the one that entered suit; that was my understanding, while I know very little about it."

There seems to have been an instrument in the form of a warranty deed conveying to the said administrator whatever interest the appellant had in said estate. Article 3571, Vernon's Sayles' Tex. Civ. St. provides:

"Upon a settlement of an estate, if there is any of the estate remaining in the hands of the executor and administrator, and the heirs, devisees, or legatees of the estate, or their assignee, or either of them, are present or represented in court, it shall be the duty of the county judge to order a partition and distribution of the estate to be made among them, upon satisfactory proof being made that they are entitled to receive it."

Of course this article follows after and is based upon the fact that notice has been given, as theretofore required in the preceding articles. Article 3572 provides:

"If, upon such settlement, there [shall] be none of the estate remaining in the hands of the executor or administrator, he shall be discharged from his trust by an order of the court entered upon the minutes, and such order shall declare said estate closed."

And article 3573 provides:

"Whenever in any case the executor or administrator has fully administered the estate in accordance with the provisions of this title, and in accordance with the order of the court, and has filed proper vouchers, it shall be the duty of the court to enter upon the minutes an order discharging said executor or administrator from his trust and declaring said estate to be closed."

As heretofore stated, the utmost fullness should be had in the hearing of the testimony with reference, in this and all other cases, to the winding up of an estate, and the discharge of the administrator, and we may say that the utmost liberality and fairness must be shown on the part of the administrator with reference to his dealings with the distributees of the estate. In the present case, as has been hereinbefore stated, there seems at least to have been and to now be a misunderstanding as to what was the real intent of the parties, and what was the agreement between the parties with reference to what should be paid and what should be received on a final settlement of said administration.

From what has been said, it will be seen that upon proper and legal notice having been given, as required by the law, the probate court should go into the matters stated fully, and determine whether or not there was, at the time of the alleged settlement, a full understanding of the whole matter by all parties concerned, and, if not, that before the administrator be discharged, there be had a full and fair adjustment and settlement between appellant and the said administrator.

From what has been said, the case will necessarily have to be reversed and remanded, and certified to the probate court of Newton county for observance, in accordance with this opinion. As stated above, the judgment

of the probate court was void, because not based upon notice, as required by the statute.

Reversed and remanded.