W. H. THOMAS, ADMINISTRATOR, v. JOHN R. HAWPE ET AL.

Decided March 26, 1904.

**1.—Administration—Final Account.**

An administrator's account showed a balance in his hands of $304.51, and stated "there is unpaid audited amounts due to parties who have not applied for their pro rata aggregating $269.15, leaving a balance to pay costs of final settlement and clerk's costs, etc., $35.36." In his affidavit thereto the administrator stated that "the within and foregoing is a true and correct exhibit of said estate so far as the same has come to his hand or knowledge." It did not state, other than as above, what the indebtedness of the estate amounted to, nor set out the names and residences of the creditors entitled to the $269.15, nor ask that the administrator be discharged. It was indorsed on the back "Final account," and notice was given as in case of filing a final account. The order of the court thereon mentioned it as a final account, but merely approved it and ordered it of record, the form of order required by the statute (Rev. Stats., art. 1876) in approving an annual exhibit. No order was made discharging the administrator. Held not a final account such as would be res adjudicata against the claim of the heirs for a restatement of the account made when the administrator asked for an order of final discharge twenty-two years later.

**2.—Same—Matters Not Included in Account.**

Even if the account was final so as to bar further inquiry into the matters set out and specified therein, it would not be final as to property accidentally or fraudulently omitted therefrom.

**3.—Same—Limitations and Stale Demand Not Applicable.**

The action of the administrator in filing a supplemental account twenty-two years later and asking a final discharge recognized the administration as still pending, but, aside from this, the statute provides that "where letters testamentary or of administration shall have once been granted, any person interested in the administration may proceed, after any lapse of time, to compel a settlement of the estate when it does not appear from the record that the administration has been closed." Rev. Stats., art. 1882.

**4.—Same—Annual Accounts Not Final.**

In a contest in the probate court between the heirs and the administrator the approval by that court of the annual exhibits of the administrator showing the collection and disbursement of funds does not have the force of a judgment so as to preclude from contesting the same, and especially is this true when the heirs charge him with fraud.

**5.—Same—Costs.**

While the probate court has the power to adjudge the costs in probate proceedings (Rev. Stats., art. 2251), the district court has not the power, in such a cause brought to it for trial de novo, to adjudge the costs which might further accrue in the appellate courts in anticipation of an appeal from its judgment.

**6.—Same—Order Adjudging Costs Held Final.**

Where the county probate court, upon reinstating an administration case, adjudged the costs accruing prior to its dismissal against the contestants, such order became final at the end of the term, and, no specific complaint being made of it, it was not annulled by an appeal taken by the administrator to the district court.

**7.—Same—Creditors—Abandonment of Claims—Laches.**

Where creditors of an insolvent estate, after notice given by the administrator, have failed to assert their claims for over twenty-five years, it will be conclusively presumed, in a settlement between the heirs and the administrator, that such creditors have abandoned their claims by reason of their laches.

**8.—Same—Charging Administrator with Interest.**

Where an administrator appears to have applied funds of the estate to his own use, lending them out at good rates, he was properly charged on final settlement with the heirs with interest at the highest legal rate.

**9.—Same—Commissions—Fraud.**

Where the court found that an administrator had wrongfully and knowingly failed to account for certain moneys of the estate, it properly held that he was not entitled to commissions thereon.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*R. D. Coughanour* and *Henry & Henry,* for appellant.

*Wm. P. Martin* and *Wm. P. Ellison,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—On the 14th day of August, 1863, T. C. Hawpe departed this life intestate, in Dallas County, leaving an estate consisting of both real and personal property, situated principally in said county. E. A. Hawpe was his surviving widow.

On the 28th day of September, 1863, letters of administration on the estate of said decedent were granted to Mrs. E. A. Hawpe, survivor, and W. H. Thomas, now appellant herein. They qualified in terms of the law, and on the 29th day of September, 1863, filed their inventory of the property of said estate, which said inventory was on the day following approved by the court. On the 27th day of October, 1863, E. A. Hawpe and W. H. Thomas, as coadministrators of said estate, filed their final account, and on the same day the said W. H. Thomas moved the court that said account be taken as his final account, and that he be discharged, which was accordingly done by an order of the court made on the 30th day of November, 1863, and in the same order and by the terms thereof, Mrs. E. A. Hawpe, as administratrix of said estate of T. C. Hawpe, was required to come forward and give a new bond as such administratrix, which she did and proceeded with the administration. On the 26th day of June, 1866, Mrs. E. A. Hawpe, administratrix, having filed her final account and petition to the court to be discharged from further responsibility on account of said administration, prayed the court to appoint the said W. H. Thomas administrator de bonis non to said succession, all of which was accordingly done. On the 26th day of June, 1866, said W. H. Thomas, administrator, filed his inventory and appraisement of said estate, which was approved by the court on said day. The said W. H. Thomas then proceeded to administer said estate, filing annual exhibits thereof for the years 1867, 1869, 1872, and on the 6th day of September, 1877, he filed his account, styled "Final account," which said final account was, after due and legal notice thereof, approved by the court on the 20th day of October, 1877, but no order was made discharging said administrator. Said final account of said administrator shows that said estate was insolvent, and that said administrator, in obedience to an order of the district court sitting in probate, made upon and in approval of the report of E. G. Bower, auditor, filed February 1, 1873, paid the sum of 25 cents on each dollar of the indebtedness of said estate, and that there remained in his hands the sum of $269.15, the pro rata of 25 cents on the dollar due on established claims belonging to creditors of said estate who had not called for their money, and that there remained in his hands a further sum of $35.36, with which to pay cost of final settlement, clerk's

cost, etc. On September 25, 1899, J. R. Hawpe, W. L. Hawpe, G. T. Hawpe, Mrs. Elizabeth McPherson, joined pro forma with her husband, J. M. McPherson; Mrs. Matilda Thompson, joined pro forma with her husband, Dallas Thompson, and G. T. Hale as next friend of Herman Hale, appellees herein, claiming to be the heirs at law of the said T. C. Hawpe, deceased, filed a paper in the county court on the probate side of the docket, styled and indorsed "Plaintiffs' original petition," in which they charge that W. H. Thomas, now appellant herein, as administrator of the estate of decedent, held in his possession the sum of $269.15 belonging to said estate that should be paid over to them with legal interest thereon from the 6th day of September, 1877, the date of the filing of his said final account, and they pray the court to make an order requiring him to pay over to them said sum of money and interest, together with the cost of their said application. On the 1st day of November, 1899, appellant filed a supplemental account referring to his said final account filed September 6, 1877, and approved October 20, 1877, but made no change therein; he does, however, show in said supplemental account that since the filing and approval of said final account he had made pro rata payment of 25 cents on the dollar of five of the established claims mentioned and approved therein, amounting to $177.75, thus leaving $91.40 to be paid on established claims included in said final account, and $35.36 for payment of the probable cost of final settlement.

On this last account citation was issued by the clerk as required by law in cases where final accounts are filed, citing all parties interested in the estate to appear and show cause why the administrator should not be discharged. On November 27, 1899, the contestants filed a pleading styled "Contestants' petition," which by its terms purports to be an answer to the account filed by the administrator on the 1st day of November, 1899, and for the first time specifically demands a restatement of the administrator's said final and of his previous accounts and contests the right of the administrator to be discharged.

The case first came up for hearing in the probate court upon appellant's demurrers, filed May 18, 1900, to contestants' (appellees') second amended answer. Said demurrers were overruled, and appellant appealed from said ruling to the district court, where he was again overruled, and on appeal to the Court of Civil Appeals the case was dismissed for want of jurisdiction, the court holding that the order sought to be appealed from was not a final order. On May 18, 1901, A. B. Flanary was appointed auditor, and on November 1, 1901, filed his report, which was excepted to by all parties. On July 29, 1902, the case was dismissed for want of prosecution, at contestants' cost. On August 2, 1902, said cause was reinstated, and contestants were charged with all costs to said date.

On October 4, 1902, the case was tried in the county court sitting for probate, etc., upon contestants' third amended demurrers and pleas, filed February 24, 1902, and contestants' and the administrator's ex-

ceptions to the auditor's report, and resulted in a judgment for contestants against W. H. Thomas in the sum of $21,385.87, from which judgment the said W. H. Thomas appealed to the district court.

On April 2, 1903, the case came up on appeal to the district court, and was tried de novo, on the same pleadings as in the county court; a jury was waived, and the matters of fact as well as of law were submitted to the court, and resulted in an order overruling the administrator's demurrers, and in a restatement of the administrator's account, and judgment for $16,340.21 in favor of contestants and for costs. To all of which rulings and judgment of the court the administrator excepted and perfected his appeal to this court.

*Opinion.*—The first assignment challenges the correctness of the action of the trial court in overruling the administrator's general demurrer to the pleadings of the contestants. It is contended by appellant that the order of the county court of October 20, 1877, approving his account of September 6, 1877, and ordering the same of record is res adjudicata, and can not again be inquired into in this proceeding. The correctness of this contention depends upon whether or not said account was in fact a final account, and whether or not it was so considered and adjudicated by the court when the order was made approving the same and ordering it of record. This account is styled on the back thereof "Final account." It shows a balance in the hands of the administrator of $304.51, and states "there are unpaid audited amounts due to parties who have not applied for their pro rata aggregating $269.15, leaving a balance to pay costs of final settlement and clerk's cost, etc., $35.36." In his affidavit to said account the administrator states that "the within and foregoing is a true and correct exhibit of the said estate so far as the same has come to his hand or knowledge." It does not state what the indebtedness of the estate amounts to. The only direct mention of any existing indebtedness is contained in the recitation above set out. It does not state the names of the creditors and their residences, entitled to the $269.15, and "who have failed to apply for their pro rata." In this respect it fails to set out the names of the persons entitled to receive such portions of the estate. This account does not ask that the administrator be discharged. Notice was given as is required in cases of filing a final account. The order made by the court reads: "Now comes W. H. Thomas, administrator, and presents to the court his final account duly verified under oath showing the condition of said estate (the balance due said —— being $——), and it appearing to the court that due and legal notice of the filing same has been given and no objection thereto being made, said account is hereby approved and ordered of record." This is the form of the order required by the statute to be made in approving an annual exhibit, if the court upon examination finds the same to be correct. Batts' Civ. Stats., art. 1876.

Had the court considered said account the final account of the ad-

ministrator, it would have been its duty "to audit and settle the same." Batts' Civ. Stats., art. 2197.

This the court, it seems, did not do, but in the language of his order he approved the same and ordered it of record. We are of the opinion that the facts recited do not show that the court considered or adjudicated the account of the administrator filed September 6, 1877, as a final account. No order was then made discharging the administrator. We conclude the trial court did not err in overruling the appellant's demurrer to contestants' pleadings. However, if we are in error in this holding it seems clear the order is not final so as to bar further inquiry into matters not set out in the account and therein specified. It would not be final as to property accidentally or fraudulently omitted therefrom. Blackwell v. Blackwell, 86 Texas, 207; McAffee v. Phillips, 25 Ohio St., 374; Griffith v. Gody, 113 U. S., 89; Woerner, Am. Law of Admrs., sec. 506.

The pleadings of the contestants specifically charge appellant with having as administrator collected certain moneys on claims in his hands belonging to said estate which he failed to charge himself with in said account, but wrongfully and fraudulently appropriated and converted to his own use. Among other matters it is charged that he collected from O. L. Bailey on his note belonging to said estate $1000 which he appropriated to his own use, also on the note of M. L. Swing he collected for said estate $171.39, which he failed to charge himself with. They further charge him with having collected other sums belonging to the estate which he failed to account for. These matters not appearing in the account of September 6, 1877, would not be concluded by the order approving the same, even were we in error in holding that account was not a final account. The demurrer being general, if the contestants were entitled to recover for any of the matters set up in their pleadings, the same was properly overruled. After the filing of the account of September 6, 1877, no further action was taken by the administrator in the probate court until November 1, 1899, on which day he filed what is termed "Administrator's supplemental account." In this account he charges himself with $304.51, the amount shown to be due certain creditors and court costs in his account of September 6, 1877. He then credits himself with $177.75, the amount paid out by him since his last report, to five different creditors and exhibits vouchers showing such payment. This payment represents 25 per cent of the face value of these claims. This account shows that there are five other creditors holding approved items, whose pro rata allowance amounts to $91.40 and gives the names of the creditors and states that "no one comes to claim them." This account shows a balance in the hands of the administrator of $126.76. It gives the names of the contestants as the persons entitled to the residue of the estate and states the residence of each.

The administrator in filing this account recognized the administration as still pending. But independent of this fact, article 1882 of the Revised Statutes provides that "where letters testamentary or of admin-

istration shall have once been granted, any person interested in the administration may proceed, after any lapse of time, to compel a settlement of the estate when it does not appear from the record that the administration thereof has been closed." The record fails to show that the administration has been closed. This being true, and the contestants being the heirs of the intestate, T. C. Hawpe, deceased, are entitled under this statute to compel a settlement thereof. The administration not having been closed, the heirs were not barred by limitation or by reason of their action being a stale demand. Main v. Brown, 72 Texas, 505; Branch v. Hanrick, 70 Texas, 733.

It seems to be settled that in a contest of this character the approval by the probate court of the annual exhibits of the administrator showing the collection and disbursements of funds does not have the force of a judgment so as to preclude the heirs from contesting the same. And especially is this true when, as in this case, the heirs charge the administrator with fraud. Ingram v. Rogers, 2 Texas, 465; Walker v. Kerr, 7 Texas Civ. App., 498, 27 S. W. Rep., 299; Birdwell v. Kaufman, 25 Texas, 191; Hefflefinger v. George, 14 Texas, 581; Sabrinos v. Chamberlain, 76 Texas, 624, 629; Hagerty v. Scott, 10 Texas, 525; Murphy v. Menard, 11 Texas, 675, 677.

It is insisted that the judgment adjudges against the administrator all costs of court in the administration, as well as costs on appeal in this court and the Supreme Court, should a writ of error be granted by that court. The court had the power to adjudge the costs. Batts' Civ. Stats., art. 2251. The district court had no power to adjudge the costs which might accrue in the appellate courts in anticipation of an appeal from its judgment. We construe the judgment as adjudging against the administrator such costs as the district court had the power to charge him with. The judgment, as we construe it, adjudges against the administrator the costs that had accrued prior to the rendition of its judgment. However, we are of the opinion that the district court, in taxing the administrator with the costs accruing in the contest prior to July 29, 1902, erred. On that date the contest was dismissed for want of prosecution. On motion of contestants it was reinstated on August 2, 1902. Upon reinstating the case the county court adjudged the costs accruing prior to its dismissal against contestants and entered an order to that effect. This was an unconditional order, and at the end of that term of court became final. Fenn v. Railway Co., 76 Texas, 380. The court had the power to make this order and it has not been set aside or appealed from. Rev. Stats., art. 2255. So far as the record shows the contestants do not complain of this order. It was not annulled by the appeal taken by the administrator to the district court. This error does not reqrire a reversal of the judgment, as this court has authority to reform the judgment in this respect.

It is contended that the court erred in decreeing that the money found to be in the hands of the administrator on a restatement of his account should be paid to the heirs of the intestate, when the record

shows that there are creditors of the estate whose claims are still subsisting, and that the estate is insolvent. The record shows that on September 6, 1877, there were a large number of creditors whose claims had been established against this estate, and that the estate was insolvent. None of these creditors appeared to contest that account, although notice was duly given. Nor did any of the creditors appear and contest the final account, filed November 1, 1899. So far as the record shows no action has been taken by any one of these creditors, seeking a collection of his claim, since the administrator's account of September 6, 1877, was approved by the court. None of them has joined in, or intervened in, this contest, and not one is here complaining. For over twenty-five years they have remained inactive and acquiesced in the action of the administrator, and it must be conclusively presumed they have abandoned their claims by reason of their 'laches. As before stated, the administrator, in his account filed November 1, 1899, names the contestants as the persons entitled to the residue of the estate.

It is insisted that the court erred in charging the administrator with interest. The court found that on September 6, 1877, the administrator had in his hands belonging to the estate $4293.16, and charges him with interest on this sum at the rate of 12 per cent per annum from date to April 11, 1892, and at the rate of 10 per cent per annum from April 11, 1892, to date of trial, April 2, 1903. The interest charged is the highest legal rate allowed by the statute. It seems to be well settled that if a trustee having moneys in his hands knowingly applies it to his own use, or in his trade, he will be charged interest thereon at the highest legal rate. Chifflet v. Willis & Bro., 74 Texas, 245; Hill on Trustees, star page 374 et seq.; 3 Williams on Exs., 7 ed., pp. 404, 405.

The administrator denied that he loaned funds belonging to the estate. He says he loaned his own money, and loaned it at "good rates," at what would not be called "high rates." We are not prepared to say, in view of this evidence, there was error in charging him with the highest legal rate of interest on the moneys found by the court on a restatement of his account to be in his hands belonging to the estate. Nor did the court err in refusing to allow the administrator commissions on moneys in his hands belonging to the estate. The court having found that the administrator wrongfully and knowingly failed to account for said sums, he was not entitled to commissions thereon. Schouler on Exrs. and Admrs., sec. 543, p. 640.

It is contended that the trial judge erred in charging the administrator with $840 collected by him upon the note of O. L. Bailey. It is insisted (1) that the approval of the account of September 6, 1877, is res adjudicata of this matter; and (2) that this additional charge can not be found except upon the clearest proof, and that the evidence is insufficient to support the charge. The first contention is disposed of by the remarks under the first assignment. There is evidence to support the court's conclusion that this amount was received by the

administrator, that it belonged to the estate of the intestate, and that he has failed to account for the same. In deference to the finding of the trial court we conclude that on September 6, 1877, the administrator had, as administrator, cash on hand belonging to the estate in the amount found by the trial court, and that he has failed to account for the same.

The judgment will be reformed so as to charge the contestants with all costs accruing in this contest prior to July 29, 1902, including costs of this appeal. All other costs are taxed against the appellant.

Finding no reversible error in the record the judgment is affirmed.

*Reformed and affirmed.*

Writ of error refused.