VAN ORDEN et al. v. PITTS et al.
(No. 18–2610.)

(Commission of Appeals of Texas, Section B. Dec. 11, 1918.)

1. WILLS ☞211—DUTY TO OFFER FOR PROBATE.

The only heir of deceased on discovering a will making bequests to others, and naming him as executor, is under moral obligation to offer it for probate, or disclose its existence, that the other beneficiaries may offer it.

2. TRUSTS ☞104 — CONSTRUCTIVE TRUST — CONCEALING WILL.

The only heir of deceased, on discovering a will making bequests to others and naming him as executor, concealing its existence, and taking and using as his own all the property, became a trustee for the others.

3. TRUSTS ☞219(2)—CONSTRUCTIVE TRUST—RATE OF INTEREST.

The only heir of deceased, as trustee, because concealing a will making bequests to others and naming him as executor, and using the property, became liable to them for the highest rate of interest allowed by law.

4. APPEAL AND ERROR ☞362(1) — LIMIT OF REVIEW — ASSIGNMENTS IN PETITION FOR WRIT.

The Supreme Court cannot review the decision of the Court of Civil Appeals except on the specific assignments contained in the petition for writ of error.

5. TRUSTS ☞219(2)—CONSTRUCTIVE TRUST—LIABILITY FOR HIGHEST INTEREST—TIME.

Liability as trustee for highest rate of interest of sole heir of deceased, who, concealing will naming other beneficiaries, used the property as his own, is limited to the period from his discovery of the will to his death; the principal and interest at his death becoming a claim against his estate.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Annie Ward Van Orden and another against Mrs. Hattie Pitts and another. Judgment for plaintiffs was reversed by the Court of Civil Appeals (158 S. W. 1043), and plaintiffs bring error. Remanded to trial court.

Mrs. Ann Eliza Morphis died in January, 1896, leaving a will by which she, after providing for the payment of her debts, devised to her grandson, John M. Gardner, her homestead and lot adjoining, $1,000, and certain personal property, and to her niece, Annie Ward, then a child eleven years old (now Annie Ward Van Orden), $500 in cash, and interest in a lot in Ballinger, Tex., and certain other property not necessary to specify.

The will named John M. Gardner as executor. Had Mrs. Morphis died intestate, John M. Gardner would, as heir, have taken the entire estate. About December 25, 1896, John M. Gardner discovered the will of Mrs. Morphis and then learned of its contents. Gardner, after discovery of the will, failed to offer the same for probate and concealed from Annie Ward and from her guardian and representatives the fact of its existence, and as heir took possession of all the property of the estate, which included $1,200 in money and vendor's lien notes amounting to $400, and the homestead and lot adjoining, and some personal property. He treated all the property as his own and used the cash on hand and the proceeds of the notes for his own purposes.

John M. Gardner died January 19, 1906, and left an estate worth about $30,000, $13,500 of which was the proceeds of life insurance policies on his own life. He left a will which was duly probated, by which he gave to Annie Ward Van Orden $1,000 and to various other persons sums aggregating $3,900, and the remainder of his estate was left to his stepmother, Mrs. Hattie Pitts, the defendant in error herein. Mrs. Hattie Pitts was named as executrix in said will. The $1,000 bequest to Annie Ward Van Orden was duly paid by Mrs. Pitts as executrix in March, 1906. Mrs. Van Orden did not learn of the existence of the will of Mrs. Morphis until February, 1912, and soon thereafter procured the will and offered the same for probate, and it was admitted to probate.

The will of Mrs. Morphis, above referred to, also provided that Annie Ward should have one half of the testatrix's interest in the estate of S. M. Adkins, deceased, who was a sister of the testatrix. The other one half of her interest was given by the will to the children of William R. D. Ward. The property of S. M. Adkins' estate, so far as disclosed, consisted of a lot in Ballinger and a lot in Marshall, Tex. The Ballinger lot was sold, John M. Gardner and the guardian of Annie Ward joining in a deed, and Gardner received and appropriated as his own one-third of the proceeds of the sale. The portion of the purchase money for this lot which properly belonged to Annie Ward was $58.16, which was appropriated by Gardner.

John M. Gardner as a gift conveyed his interest in the Marshall lot to Annie Ward, and also procured a conveyance to be made to her of the interest of the W. R. D. Ward heirs in said lot, for which he paid $200. All these transactions occurred while Annie Ward was a minor and prior to her marriage.

The item of $58.16 claimed by the plaintiff as due to her for the interest of Mrs. Van Orden in the Ballinger lot was not sued for in her original petition, but was set up in a supplemental petition.

Soon after the discovery by Mrs. Van Orden of the existence of the will of Mrs. Morphis, this suit was brought against Mrs. Hattie Pitts, the residuary legatee and executrix of the estate of John M. Gardner, to recover the sum of $500 devised to her by the will of Mrs. Morphis, with interest thereon at the rate of 10 per cent.

The district court rendered judgment in her favor, which upon the appeal of Mrs. Pitts was reversed and the cause remanded for a new trial. The writ of error in this case was granted by the Supreme Court (161 S. W. xvi) on the application of Mrs. Annie Ward Van Orden.

P. M. Young and Alvin G. Carter, both of Marshall, for plaintiffs in error.

Beard & Davidson, of Marshall, for defendants in error.

MONTGOMERY, P. J. (after stating the facts as above). The Court of Civil Appeals in its opinion upon rehearing receded from the position that the bequest in the will of John M. Gardner to Mrs. Van Orden of $1,000 and the payment of same to Mrs. Van Orden operated as a payment and satisfaction of the amount due her under the will of Mrs. Morphis. The court in its opinion on rehearing in effect holds that the right of Mrs. Van Orden to recover was properly submitted to the jury, and that the charge upon this subject was correct, except in that part wherein it authorized a recovery of interest at 10 per cent.; the view of the court being that the recovery should have been limited to 6 per cent.

Confined as we are to the assignments of error contained in the petition for writ of error, we have only one question to consider, that is: Should the estate of John M. Gardner be required, under the facts found, to pay interest at the highest rate authorized by law upon the moneys and the proceeds of property devised to Mrs. Van Orden by Mrs. Morphis for the time the same was wrongfully withheld from her?

This involves the question as to whether John M. Gardner occupied the attitude of a trustee of the funds and property so devised.

The facts are that John M. Gardner was the sole heir at law of Mrs. Morphis, and in the absence of a will would have taken the entire estate. The will of Mrs. Morphis was discovered by him about one year after her death, and after such discovery he concealed the existence of such will and failed to offer the same for probate, and took possession of all the moneys and property of the testator, and claimed and used the same as his own, ignoring the rights of the other devisees in the will. Mrs. Van Orden had no knowledge of the existence of the will until a short time before this suit was instituted.

We think that John M. Gardner, when he discovered the will, was at least under a moral obligation to either offer it for probate or disclose the fact of its existence to the other beneficiaries named in said will and give them an opportunity to offer the same for probate. This conclusion is so clearly in consonance with justice that no authorities ought to be necessary, but the point has been decided. Filhiol's Succession, 123 La. 497, 49 South. 138; Dodd v. Anderson, 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A. (N. S.) 336, 18 Ann. Cas. 738.

In several jurisdictions an executor named in a will who fails to produce the will for probate is liable to a penalty or indictment. 40 Cyc. 1226.

[1, 2] If John M. Gardner had caused the will to be probated and as executor had taken possession of the estate and used the entire estate as his own under the circumstances shown in this case, there can be no doubt that he would have held the property as trustee and would have been liable to Mrs. Van Orden for the amount left her by the will of Mrs. Morphis, with interest thereon at the highest rate allowed by law. Reed v. Timmins, 52 Tex. 84; Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129.

In many states under such circumstances compound interest is allowed. Estate of Ricker, 14 Mont. 153, 35 Pac. 960, 29 L. R. A. 622, and note.

Can the fact that Gardner concealed the existence of the will and took possession of the property and used it for his own purposes place him or his estate in a better position than he would have occupied if he had performed his moral obligation to offer the will to probate, or at least disclose its existence? We think not.

In either case, we think he should be held in equity to be a trustee of the funds devised to Mrs. Van Orden. Under the circumstances of this case, a court of equity must treat him as a trustee and apply the rules applicable to that relation.

"Constructive trusts do not arise by agreement or from intention, but by operation of law, and fraud, actual or constructive, is their essential element. Actual fraud is not necessary, but such a trust will arise whenever the circumstances under which property was acquired makes it inequitable that it should be retained by him who has the legal title." 39 Cyc. 169.

In Hendrix v. Nunn, 46 Tex. 147, it is said: "And it is unquestionably a common and familiar application of 'their remedial justice' for courts of equity to force upon the conscience of a party the duty of a trustee in regard to property which has been acquired by artifice or fraud, and where, either from the character of the property or the circumstances under which it is acquired or held, it would be against equity to permit such party to hold it, except as a trustee."

This salutary principle has been applied in several cases in this state. Kennedy v. Baker, 59 Tex. 150; Satterthwaite v. Loomis, 81 Tex. 64, 16 S. W. 617; and Loomis v. Satterthwaite, 25 S. W. 68.

[3] Having determined that Gardner occupied the position of trustee, we think that under the circumstances of this case there was no error in the action of the trial court in instructing the jury to allow interest at the rate of 10 per cent. per annum, being the highest rate allowed by law.

[4] If this was the only ground upon which the case was reversed by the Court of Civil Appeals, we would advise that the judgment of the trial court should be affirmed; but it appears from the opinion of the Court of Civil Appeals on rehearing that the case was reversed on other grounds, which are not assigned as error in the petition for writ of error in this case. We are not authorized to review the decision of the Court of Civil Appeals except upon the specific assignments contained in the petition for writ of error, and therefore think that the case should be remanded to the trial court.

[5] In view of another trial, however, we will say that we think the recovery of interest at 10 per cent. per annum should be limited to the period from the discovery of the will by Gardner to the date of his death, and the amount of the principal and interest at that date would be a claim against his estate or devisee to be paid as other claims.

We advise that the case be remanded to the district court of Harrison county for other proceedings not inconsistent with this opinion.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.