### UNITED HAY CO. et al. v. FORD.

No. 9733.

Court of Civil Appeals of Texas. Galveston.
Feb. 21, 1935.

Rehearing Denied April 25, 1935.

Franklin & Blankenbecker, Baker, Botts, Andrews & Wharton, and W. H. Walne, all

of Houston, and S. H. German, of Austin, for appellants.

Rodman S. Cosby, T. H. Stone, Chas. W. Bell, and Bryan, Cosby, Suhr & Bering, all of Houston, for appellee.

Thos. H. Stone, Vinson, Elkins, Sweeton & Weems, Bryan, Suhr, Bering & Bell, E. H. Suhr, and Edgar E. Townes, Jr., all of Houston, for appellee on motion for rehearing.

GRAVES, Justice.

In a trial before the court and a jury, the appellants, in their suit against the appellee for the collection and appropriation by him of $66,188 alleged to belong to them that he received from the United States government on May 21, 1929, pursuant to a contract between these parties of date November 17, 1925, were denied by the trial court's judgment any recovery, except the sum of $875 and 6 per cent. interest thereon from November 1, 1926, which apparently was for money in that amount appellee had paid to himself from appellants' other and different funds on October 29, 1926.

On the appeal of appellants from such adverse judgment, this court at a former term, and on a full statement of the material facts, certified to the Supreme Court the controlling question in the cause, as follows: "Was the contract declared upon in so far as applicable to the $66,188.00 so collected by the appellee from the United States Government, null and void, hence unenforceable against him in this cause, as being within the purview of the Federal statute thus invoked?"

That court, in an opinion and judgment just filed here, thus answered the inquiry: "We answer that the contract declared upon, in so far as applicable to the fund collected from the United States government, was not null and void, and is enforceable against said Ford." See United Hay Company v. Ford (Tex. Com. App.) 76 S.W.(2d) 480, 484.

The brief preliminary description of the nature and result of the suit below, supra, together with the reference to the Supreme Court's opinion, which includes a full copy of our certificate, as so reported in 76 S.W. (2d) p. 480 et seq., affords the data for a full comprehension of all the material issues as made and determined; hence it is here unnecessary to further restate them.

■ Since the undisputed evidence shows that the contract between the parties, of date November 17, 1925, upon which the cause was based, has been fully performed, that the appellee received the $66,188 sued for against him on May 21, 1929, from the federal government, and under the Supreme Court's answer to the question so submitted to it became liable for the return thereof to the appellants, less any amount properly deductible therefrom, it follows that the trial court's judgment, in so far as it was adverse to the appellants on their claim for recovery from the appellee on account of his collection and appropriation of such sum from the federal government, should be reversed, and that this court should render judgment here in appellants' favor; in proceeding to so do, it is found from the record, in the first place, that the appellee "asserts that appellants are bound by the Long contract and must consent to a deduction of 25% from the $66,188.00 so collected by him from the United States Government to cover expenses of collection," and, second, that the appellants have elected to also stand for themselves upon such position assumed by the appellee, and make this prayer: "That the judgment of the trial court be reversed and judgment be rendered in favor of appellant United Hay Company for the sum of $49,528.00, with interest at 10 per cent. per annum from May 21 of 1929." It is accordingly so ordered.

■ As will be further noted from the Supreme Court's opinion herein, it held that the appellee had come into possession of the fund as trustee for the benefit of the appellants, and hence under the well-settled rule in such cases he was chargeable with the highest legal rate of interest upon the amount so received by him from and after the date when so received; for that reason, it is proper to add the 10 per cent. per annum interest thereon, as is thus done. Van Orden v. Pitts (Tex. Com. App.) 206 S. W. 830; Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129, writ of error refused; Reed v. Timmins, 52 Tex. 84.

Further discussion being deemed unnecessary, the judgment of the trial court, in so far as adverse to the appellants, will be reversed, and judgment will be here rendered in their favor against the appellee for the sum of $49,528, together with 10 per cent. interest per annum thereon from May 21, 1929, to this date.

Reversed and rendered.