GRACE MARR ANDERSON, ADMINISTRATRIX, ET VIR
V. O. R. ARMSTRONG ET AL.

No. 7092. Decided October 26, 1938.
Rehearing overruled January 4, 1939.
(120 S. W., 2d Series, 444.)

*Richard F. Burges,* and *Walter S. Howe,* of El Paso, for plaintiffs in error.

*Leo Jaffe,* for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The facts of this case are extremely complicated. We shall endeavor to set out chronologically, and as briefly as possible, the factual background of the suit.

On March 6, 1928, the will of W. K. Marr, deceased, was admitted to probate in the Probate Court of El Paso County, Texas. Such will named Grace Marr, wife of said W. K. Marr, as independent executrix without bond, and Mrs. Marr qualified as such. O. R. Armstrong, an attorney, represented Mrs. Marr in the probating of said will and afterwards represented her as administratrix. Some months later, under advice of the said Armstrong, Mrs. Marr qualified in the Probate Court of El Paso County as administratrix of the estate of W. K. Marr, with will annexed. She acted in this capacity until May 13, 1930. In the meantime she married R. C. Anderson and moved to California. On the advice of Armstrong she resigned as administratrix and filed her final report and account, which report and account Armstrong prepared. On May 13, 1930, order was entered by the probate court accepting the resigna-

tion of Mrs. Grace Marr Anderson and approving her final account. On the same day, Armstrong was appointed administrator de bonis non, with will annexed. The American Surety Company became his surety.

In the final account prepared by Armstrong and approved May 13, 1930, Mrs. Anderson claimed commissions in the sum of $5811.67, of which she had deducted the sum of $1205.67. On April 9, 1930, the date of the filing of her final account, Mrs. Anderson executed to Armstrong an assignment of one half of all commissions which might be. allowed her. In the final account she reported that the sum of $4500 had been allowed by her to Armstrong as attorney's fees for representing her as administratrix.

June 6, 1931, Armstrong filed his first annual account as administrator. Among other things this report contained the following: "Checks applied on claim of Grace K. Marr for administratrix fees—$2905. Checks applied to O. R. Armstrong as attorney's fees found in order of date May 13, 1930, for services to Grace K. Marr, administratrix, in handling legal services of estate, $4064.17." This annual account was approved July 13, 1931.

It may be remarked here that shortly after Mrs. Grace Marr Anderson delivered the assets of the estate to Armstrong he appropriated from cash on hand the sum of $4064.17 as attorney's fees and the sum of $2905 as one half of commissions, as reported in the final account of Mrs. Grace Marr Anderson, approved May 13, 1930. He presented no claim to the county court, or obtained any order of the court allowing said attorney's fees. After July 13, 1931, he appropriated $435.83, being the balance of the $4500 attorney's fees mentioned in the report of May 13, 1930.

October 20, 1931, Grace Marr Anderson filed in the probate court a petition, which among other things sought the removal of Armstrong as administrator and the reinstatement of herself as administratrix. The pleadings in this action are not shown, but a complete recital of the allegations is set out in the opinion of the Court of Civil Appeals reported in 55 S. W. (2d) 235. On November 25, 1931, the probate court entered its order removing Armstrong as administrator and ordered the filing of his final report and a re-accounting. Armstrong prosecuted an appeal from this judgment to the District Court of El Paso County. On the 4th of March, 1932, that court entered its judgment removing Armstrong from his position as administra-

tor for the reason that he had "misapplied funds belonging to the estate coming into his hands as administrator." This finding had direct application to the matter of attorney's fees and excess commissions which he had appropriated by virtue of the purported allowance of same in the report of May 13, 1930. The judgment of the district court in this respect was affirmed by the Court of Civil Appeals. Application for writ of error was dismissed for want of jurisdiction. The opinion of the Court of Civil Appeals clearly shows that the finding of misapplication of funds was predicated directly upon the action of Armstrong in appropriating the funds of the estate under the purported allowance of commissions and attorney's fees in the final account of Mrs. Grace Marr Anderson; it being held that the attempted allowance of attorney's fees was illegal and void.

Pending appeal in the removal suit and on the 11th day of May, 1932, Mrs. Grace Marr Anderson filed in the District Court of El Paso County petition for certiorari. The purpose of that action was to review and correct the final account of Mrs. Grace Marr Anderson approved by probate court on May 13, 1930, in so far as it purported to state the commissions due Mrs. Anderson as administratrix and to allow Armstrong a fee of $4500.00. The petition further attacked the first annual account of Armstrong wherein he reported payments of commissions and attorney's fees by virtue of the previous order. The petition expressly prayed that the writ bring up for review the final account of Mrs. Anderson and the order of the court thereon, and the first annual account of Armstrong as administrator, and the order of the court thereon.

On July 6, 1933, judgment was entered in said certiorari proceedings. By this judgment the final account of Mrs. Grace Marr Anderson was revised and corrected as to commissions and as to attorney's fees. By this judgment commissions in the sum of $3209.97 were allowed Mrs. Anderson, with the deduction of $1205.67 previously paid her, leaving a balance of $2004.30. The judgment further decreed that the allowance of $4500.00 as attorney's fees paid Armstrong was "illegal," and the same was disallowed. The judgment in this connection contained the following recital:

"This order and judgment disallowing and disapproving said attorney's fee shall be without prejudice to the defendant to present or claim a credit for such attorney's fees for services rendered to said estate and Grace K. Marr, as administratrix thereof, as he may show himself legally entitled to recover."

The judgment of the district court in this cause was affirmed by the Court of Civil Appeals. 70 S. W. (2d) 801. Petition for writ of error to the Supreme Court was dismissed for want of jurisdiction.

It is now claimed that the judgment in that proceeding was wholly void because of want of jurisdiction in the district court to review by certiorari an order of the probate court approving a final account. We do not find it necessary to decide that question and expressly decline to do so. For this reason we will not consider the effect of the judgment in that suit.

On August 7, 1933, Armstrong filed in the probate court his final account. In this account he reported payment to himself of $435.83 as the balance due of the $4500.00 allowed as attorney's fees in the final account of Mrs. Grace Marr Anderson approved March 13, 1930. He also showed that he had retained for himself while acting as administrator the sum of $894.71 as commissions, which sum had been retained by him without any order of the probate court. He reported the allowance of the $4500.00 in the final account of May 13, 1930, and prayed that a credit of that amount be allowed him as attorney's fees for services rendered Mrs. Anderson while·acting as administratrix. This final account was contested by Mrs. Anderson. The result of such contest in the probate court and on appeal in the district court is not shown, except in the opinion of the Court of Civil Appeals reported in 75 S. W. (2d) 1104. The Court of Civil Appeals held that the judgment of the probate court in settling the account of Armstrong was without jurisdiction and void. The Court in its opinion said: "We have concluded that the authorities cited by appellant support his contention that the probate court was without jurisdiction to settle the account of appellant after he had been removed and appellee appointed in his stead." The Court likewise held that the judgment of the district court was void, and dismissed the entire proceeding for want of jurisdiction.

This of course left the final account of Armstrong pending in the probate court without any action thereon. No application for writ of error was made to the Supreme Court. It is unnecessary for us to determine whether or not the action of the Court of Civil Appeals was correct, as its judgment in this respect became the law of the case.

The present suit was filed in the District Court of El Paso County, December 18, 1934, by Mrs. Grace Marr Anderson, joined pro forma by her husband, as administratrix de bonis non, with will annexed, of the estate of her former husband,

against O. K. Armstrong and the American Surety Company, surety upon the administrator's bond of Armstrong. Hereinafter Mrs. Grace Marr Anderson will be referred to as plaintiff, and Armstrong will be designated defendant. According to statements in plaintiff's petition for writ of error, this action was "in devastavit."

Plaintiff alleged in her petition that while defendant was acting in his capacity as administrator of the Marr estate, he, according to his own various reports, received a total sum of $16,059.67 as belonging to the estate; that he expended and disbursed under orders of the court the sum of $10,198.82. She specifically alleged that defendant had illegally and wrongfully diverted and appropriated to his own use the total sum of $5861.70. This alleged sum of $5861.70 consisted of the $4500.00 which defendant had paid to himself as attorney's fees; one half of excess commissions which had been illegally allowed in the final account of plaintiff approved May 13, 1930, and the sum of $60.85, costs of court, which defendant had paid from funds of the estate, for which he individually was liable.

A trial in the district court resulted in a judgment in favor of plaintiff for the sum of $4255.85, with interest at 6 per cent per annum from several enumerated dates. According to finding of fact, as well as recitals in the judgment, this sum was arrived at in the following manner: The Court found that the sum of $4500.00 claimed as attorney's fees had been illegally appropriated by defendant, for which he was liable. It was further found that of the sum of $2905.83, retained by defendant as one half of commissions due plaintiff, as disclosed in the first annual account of defendant, the sum of $1195.00 was illegally appropriated. In addition, it was found that defendant had used the sum of $60.85 to pay costs, for which he was individually liable. The Court, however, allowed defendant the sum of $1500.00 as reasonable attorney's fees for representing the estate and plaintiff, while she was administratrix, leaving a balance of $4255.85.

Defendant and the Surety appealed, and the Court of Civil Appeals reformed the judgment of the district court in several material respects, practically destroying the recovery of plaintiff, and affirmed the case. 91 S. W. (2d) 775). Plaintiff's application for writ of error was granted.

It will be seen by a reading of the opinion of the Court of Civil Appeals, and as disclosed by briefs and arguments, that the paramount question in this case is the effect to be given

the approval of the first annual account of defendant as administrator, which was approved by order of the probate court July 13, 1931. We may say that the appropriation of the sum of $4,500 by defendant as attorney's fees and the retention by him of at least the sum of $1195.00 as commsisions, was undoubtedly a misapplication of the funds of the estate, for which he was liable, unless the approval of the first annual account was res adjudicata of the right of defendant to receive and retain said sums, and such order could not be collaterally attacked in this proceeding; as was held by the Court of Civil Appeals.

We are not unmindful of the rule applied by the Court of Civil Appeals that in an independent action brought in the district court, an order of the probate court approving an annual account, and which order is a valid one, cannot usually be attacked. It is true that the present action is an independent one, but the rule announced manifestly cannot have application here for these reasons:

(1) The order of the probate court approving defendant's first annual account did not purport to ask for any allowance as attorney's fees, but merely reported appropriation of fees and commissions by virtue of the purported allowance of same in the final account of plaintiff as administratrix.

(2) The validity of the purported allowance of commissions and attorney's fees in the final account of plaintiff and the first annual account of defendant was involved and decided against defendant in the removal suit. The charge against defendant in that action was that he had misapplied funds belonging to the estate. This charge was predicated directly upon the contention that the appropriation by defendant of the $4500.00 as attorney's fees and one half of excess commissions set up in the final account of plaintiff was illegal and constituted misapplication. The defense of defendant in that action necessarily involved the validity of the purported allowance in the final report of plaintiff, as well as the effect of the approval of the first annual account of defendant. The trial court in that action made the following finding: "And the court having heard the cause and the evidence submitted therein, doth find that the appellant, Otto R. Armstrong, administrator, with the will annexed of the estate of W. K. Marr, deceased, has misapplied funds belonging to said estate, coming into his hands as such administrator, and should therefore be removed from his position as such administrator." The opinion of the Court of Civil Appeals shows that this finding was

based upon the action of defendant in appropriating the attorney's fees, and excess commissions mentioned in plaintiff's final report and in defendant's first annual account. The Court of Civil Appeals expressly held defendant acted illegally in appropriating said sums, notwithstanding the order approving the final account of plaintiff and the order approving the first annual account of defendant. See 55 S. W. (2d) 235.

It therefore appears that the order approving the final account of plaintiff was wholly void, in so far as it purported to establish allowance of attorney's fees to defendant, or to establish the amount of commissions allowed plaintiff in which defendant was entitled to share. Being wholly without probative force, the objections to it in this proceeding did not in any manner constitute a collateral attack upon the order of the probate court; and said order constituted no defense on the part of defendant.

(3) In addition, the district court in this proceeding had a right to restate and settle the final account of defendant, and to make such credits as defendant was justly entitled to receive; and in the matter of settling said final account the court could review and revise all previous annual accounts.

It will be observed that in his final account defendant claimed a credit of $4500.00 as attorney's fees and asked that same be allowed and credited to him. That account was contested, and the probate court and district court made an allowance of attorney's fees as a credit in said final account. It will be further observed, however, that at defendant's own suggestion, and based upon assignments presented by him in that action, the Court of Civil Appeals held that the attempt of the probate court to settle said account and to make allowances and credit was void for want of jurisdiction; and the cause was dismissed. This resulted in the final account standing without approval, with no settlement between defendant and the estate, and no allowance of attorney's fees. We are not called upon to approve or disapprove the holding of the Court of Civil Appeals, but under the circumstances the judgment in that cause is the law of this case. This creates a situation where the probate court cannot settle said final account and adjust the equities of the parties.

■ It has long been settled that a suit upon the bond of an administrator after his connection with an estate has been severed by removal, death or otherwise, or a suit for devastavit under such conditions, when the amount is within the jurisdiction of the district court, must be brought in that court, not-

withstanding there has been no settlement of administrator's account by the probate court; and in such action the district court has power to adjust all equities between the parties, especially when the probate court is inadequate to give the relief. This necessarily involves the power to settle the administrator's account, in order to determine his liability and that of his surety to the estate. Francis v. Northcote, 6 Texas 185; Fort v. Fitts, 66 Texas 593, 1 S. W. 563; Grigg v. Brewster, 122 Texas 588, 62 S. W. (2d) 980; Gregory v. Ward, 118 Texas 526, 18 S. W. (2d) 1049; Moyers v. Carter, 61 S. W. (2d) 1027, 1031-1032.

■■ In this suit, therefore, the district court was fully empowered to settle the final account of defendant, and in doing so to allow such credit for attorney's fees as he showed himself entitled to receive. The Court likewise had the right to adjust all other allowances or charges. The settlement of the final account having been brought into the suit in accordance with the rules announced in the foregoing cases, the district court in making said settlement was performing the exact function of the probate court in the settlement of a final account. There was no collateral attack upon any order of the probate court. It is definitely settled that the approval of an annual account, in so far as allowance of *expenses of administration* is concerned, does not have the conclusive force of a final judgment, but such annual account may be reviewed and corrected in a settlement of the final account. Richardson v. Kennedy, 74 Texas 507, 12 S. W. 219; Jones v. Gilliam, 109 Texas 552, 212 S. W. 930; McShan v. Lewis, 76 S. W. 616.

It appears, therefore, that even if the first annual account of defendant approved July 13, 1931, had possessed any probative force as tending to establish an allowance of attorney's fees, the disallowance of a credit for the full $4500.00 in settlement of the final account was fully justified.

The reasonableness of the fee of $1500.00 allowed defendant is questioned, but we are of opinion that the finding of the trial court and of the Court of Civil Appeals that such fee was reasonable as to all parties should be upheld. The Court of Civil Appeals disallowed defendant this item on the theory that the order of the Court approving the first annual account constituted an allowance of the fee of $4500.00 and the district court was not authorized to fix another fee. This was error on the part of the Court, and the allowance of the $1500.00 as a fee by the trial court should be upheld.

It is contended on behalf of defendant that the Court should have allowed him credit for an additional amount as

commissions to which he was entitled while acting as administrator. In his final account defendant reported that he had retained as commissions the sum of $894.71. There was ample evidence to justify the trial court in concluding that this was the full amount he was entitled to receive in the way of commissions.

■ The sole question remaining is as to the proper rate of interest to be allowed plaintiff on the sums appropriated by defendant to his own use. The trial court allowed interest at the rate of 6 per cent per annum. The Court of Civil Appeals allowed interest at the rate of 10 per. cent. After a careful review of the decisions, we are of the opinion that when an administrator misapplies funds of the estate and uses them for his own benefit, he is properly chargeable with the highest legal rate of interest from the date or dates of the appropriation of the funds. Van Orden v. Pitts, 206 S. W. 830 (opinion approved by Supreme Court) ; Thomas v. Hawpe, 35 Texas Civ. App., 311, 80 S. W. 129 (writ refused) ; United Hay Co. v. Ford, 81 S. W. (2d) 776 (writ refused) ; Reed v. Timmins, 52 Texas 84; In re Davis, 62 Mo. 450, 454; 65 Corpus Juris, pp. 831-835. The usual basis for allowing the highest legal rate of interest is to prevent the trustee (administrator in this instance) from making a profit upon the funds of the estate, and when it is uncertain as to profits which he may have made, the highest legal rate will be charged against him. Bobb v. Bobb, 89 Mo., 411, 4 S. W. 511. In this case, however, there is another reason for allowing the highest legal rate. It was the duty of the administrator to apply funds of the estate to payment of debts against the estate as promptly as possible. In view of the probability that debts due by the estate, and which may have drawn the highest legal rate of interest, might have been discharged with the funds which defendant appropriated, it is but equitable to charge him with that rate from the date each particular item was appropriated, as shown in the trial court's judgment.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is reformed, so as to provide that upon the various items found by the Court as having been misapplied by defendant, interest shall be calculated at the rate of 10 per cent per annum from the respective dates of such misapplications, instead of 6 per cent; and such judgment of the district court, as thus reformed, is in all things affirmed.

Opinion adopted by the Supreme Court, October 26, 1938.

ON REHEARING.

PER CURIAM.

The plaintiff in error, having, in response to order of this Court heretofore entered, filed bond in accordance with the statute in such cases made and provided, we have again carefully reviewed and considered this case, in the light of the motions for rehearing filed herein, and are of the opinion that the conclusions reached herein, as shown by the opinion on file, is correct, and all motions for rehearing are overruled.

Opinion delivered January 4, 1939.