## FISMER v. RAY.

### No. 14884.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 14, 1947.

Rehearing Denied Dec. 12, 1947.

McGown, McGown, Godfrey & Logan, B. E. Godfrey and Burrell B. Evans, all of Fort Worth, for appellant.

288

C. H. Milliken and D. A. Webb, both of Fort Worth, for appellee.

HALL, Justice.

Appellee, H. C. Ray, as administrator of the estate of Mrs. H. Louise Norris, filed his final account in the probate court on the 12th day of October, A.D. 1943. On the 28th day of October, 1943, the probate court approved the final account by entering the following order:

"On this the 28th day of October, 1943, came on to be considered the account of H. C. Ray, Administrator of the above entitled and numbered estate for final settlement of such estate; and it appearing to the court that citation has been served in the manner required by law, and the court having examined the said account and the same appearing to be in all things correct and sworn to; and having heard all exceptions thereto and the evidence, and having audited and settled the same, is of the opinion that such account should be approved;

"It is Therefore Ordered, Adjudged and Decreed that such account be, and it hereby is, approved and finally settled; and that it and this action be entered of record;

"And it further appearing to the court that the said administrator has paid all debts known to exist against the said estate, and has fully administered such estate as required by law, and that the person entitled to receive the same is Miss Elizabeth Fismer of Pickaway County, Ohio;

"It is Therefore Ordered, Adjudged and Decreed by the court that the said Administrator be, and he hereby is, authorized, empowered and directed to deliver the properties belonging to the said estate remaining in his hands to the said above distributee after the payment of all costs of administration herein; and that when such payment and distribution shall have been made as herein ordered, the administrator shall make and file herein his supplementary report showing such payment and distribution with proper vouchers in support thereof; whereupon the said administrator shall be discharged from his trust and such estate be closed.

"Clarence O. Kraft, Judge."

Or the 30th day of December, 1943, said administrator filed his supplementary report which reads in part as follows:

"To the Honorable Judge of said Court: Comes now H. C. Ray, Administrator and with respect shows to the Court that he has paid all claims and costs filed or incurred herein and has made delivery of the Estate in accordance with the Order of the Court heretofore entered herein approving his final account, and proper receipts and vouchers are hereto attached except such as have heretofore been filed herein;

"Wherefore your administrator prays that an order be entered herein discharging your administrator and closing the said estate."

In response thereto the probate court entered the following order approving such supplementary report:

"On this the 30th day of December, 1943, there being presented the supplementary report of H. C. Ray, Administrator herein, and it appearing to the court that all debts, claims and costs have been paid and the estate has been by the administrator delivered in accordance with orders of the Court heretofore entered herein;

"It is therefore Ordered by the Court that H. C. Ray Administrator be and he hereby is discharged from his trust, and that this estate be and the same is hereby closed.

"Clarence O. Kraft, Judge"

On December 22, 1945, the appellant herein, Elizabeth Fismer, as sole heir of the estate of Mrs. H. Louise Norris, deceased, filed her petition for writ of certiorari, pursuant to Article 932, Vernon's Annotated Civil Statutes, in a District Court of Tarrant County, Texas, to review all matters pertaining to the final account and discharge of the administrator of said estate and all matters pertaining to the allowance of expenses and costs to the administrator herein, including various orders of the County Court and annual exhibits of the administrator wherein such expenses were allowed and to set aside orders settling the administrator's final account, discharging him and closing the estate, and to re-open, re-examine and restate such account.

The administrator, appellee herein, filed his plea to the jurisdiction of the District Court, contending that all of the orders sought to be reviewed were entered more than two years prior to the filing of the original petition and by reason thereof the District Court had no power or jurisdiction to review the orders complained of.

The District Court by judgment rendered and entered on May 9, 1947 sustained appellee's plea to the jurisdiction and dismissed the case, hence this appeal by the appellant, which is predicated upon one point as follows:

"The writ of certiorari sought to review various and sundry interim orders of the County Court allowing fees and expenses to the administrator. The orders sought to be reviewed were entered by the County Court in excess of two years prior to the date of the filing of the writ of certiorari. The writ of certiorari was filed less than two years from the date of the entry by the County Court of the final order confirming the acts of the administrator and granting the discharge. The interim allowances were in the nature of interlocutory orders and only the order of discharge and final closing of the estate was such a final decree as commences the two year statute of limitation within the meaning of Article 932, R.C.S. and, therefore, the court erred in sustaining the plea of limitation to the writ of certiorari of appellant."

It is noted in the order of the probate court of October 28, 1943, approving the administrator's final account, that notice was given and due return made thereon, as required by law. The court found that all debts against said estate had been paid and that the estate had been fully administered as required by law. Such order further decreed that the final account be approved, settled and the administrator ordered to deliver all moneys and assets to the devisee, and further ordered the administrator to file a supplementary report showing that he had made payment and distribution to the beneficiary and had paid the incidental bills of administration in connection therewith.

It is apparent that appellant's application for writ of certiorari was filed some two months more than two years after the order approving the final account was entered on October 28, 1943. Article 932 reads in part as follows:

"Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. * * *"

It is evident that the filing of the application for writ of certiorari was within two years after the date of approval of the supplementary report and order of discharge, which was December 30, 1943.

Appellant's contention is that the date of limitation should run from the date of the supplementary report and order closing the estate, since the administrator did duties as such for which he charged $250 a month up until said date and that he transacted the general business of the administration, including the payment of bills and turning over the estate to the beneficiary.

Appellee contends that the limitation period begins to run from the date of the order approving the final account and that from then on he was not administering the estate but was merely carrying out the order of the probate court in making the distribution to the beneficiary and that if he did not make such proper distribution that her remedy would be by an independent suit to recover the amount due her instead of by certiorari and that all orders which she could have attacked by writ of certiorari were barred by the two year statute of limitation, under said Article 932, supra.

Article 3634, Vernon's Annotated Civil Statutes, sets out the provisions of a final account.

Article 3637 requires citation to be issued upon the presentation of an account for final settlement and shall require all persons interested to appear and contest the same if they see proper.

Article 3640 is as follows: "Upon return being made that the citation has been served in the manner required, the court shall examine said account and the vouch-

ers accompanying the same, and after hearing all exceptions thereto and the evidence, shall re-state said account if necessary, and audit and settle the same."

Article 3641 provides for the proper settlement of the estate and a proper distribution to the beneficiary.

Articles 3642 and 3643 provide for the order of discharge of the administrator and the closing of the estate.

Article 3320 provides for the closing of an estate within three years from the granting of letters unless the time is extended.

Considering the above statutes, we find that the action of the trial court was correct in sustaining appellee's plea to the jurisdiction as against the proceedings set out in the final account because the order of October 28, 1943, approving same was entered upon notice sufficient to set the statute of limitation in motion within the meaning of Article 932, supra.

This case does not fall within the purview of cases cited by appellant, such as Hefflefinger v. George, 14 Tex. 569; Tindal v. McMillan, 33 Tex. 484; Alexander's Heirs v. Maverick, 18 Tex. 179, 67 Am. Rep. 693; and Thomas v. Hawpe et al, 35 Tex.Civ.App. 311, 80 S.W. 129, for the reason that the intention of the parties in the instant case was to close the estate as soon as practicable after the final account was approved, and the instant case further distinguishes itself from some of the above cases relied upon because there was proper notice given.

While it is true after the final account was approved and the administrator ordered to distribute the estate to the distributee, appellee continued to administer the estate in obedience to the order of the probate court by "the payment of all costs of administration herein and that when such payment and distribution shall have been made as herein ordered, the administrator shall make and file herein his supplementary report showing such payment and distribution. * * *" Appellee acquired the short period of time between October 28, 1943 and December 30, 1943 to wind up such affairs and pay such administration expenses. We note in the list of expenses expended during this short period three checks payable to the administrator in the sum of $250 each. Since these expenditures were made after approval of the final account and within two years' time from the filing of the application for writ of certiorari, we find that even though it was not the intention of the probate court and/or the administrator to continue to operate the estate any length of time other than necessary to wind up its affairs, yet the expenditures for administration under the supervision of the court should be subject to observation by a writ of certiorari. We therefore find that the trial court erred in sustaining appellee's plea to the jurisdiction as to items disbursed between the dates of October 28, 1943 and December 30, 1943, such as are complained of in said application. To this extent the judgment of the trial court is reversed and remanded for another trial.

Affirmed in part and remanded in part.