466 F.2d 498
 John W. GURLEY et al., Plaintiffs-Appellees-Cross-Appellants,
v.
Herbert P. LINDSLEY et al., Defendants-Appellants-Cross-Appellees.
John W. GURLEY et al., Third-Party Plaintiffs-Appellants,
v.
CITIES SERVICE OIL COMPANY, Third-Party Defendant-Appellee.
 No. 71-1683.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 6, 1972.
 
 Emmet A. Blaes, Jochems, Sargent & Blaes, Wichita, Kan., William R. Moss, Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, Tex., for defendants-appellants-cross-appellees.
 John E. Vickers, Lubbock, Tex., Ralph Brock, Brock, Waters & Galey, Lubbock Tex., for plaintiffs-appellees.
 Cecil C. Cammack, George K. Gilbert, Tulsa, Okl., for Cities Service Oil Co.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants-cross appellees have filed a motion described as a motion to clarify our opinion and judgment entered April 21, 1972,[1] and appellees-cross appellants have filed their opposition thereto. We treat the motion as one to recall our mandate and to reissue an amended mandate. See Wichita Royalty Co. v. City Nat. Bank, 97 F.2d 249 (5th Cir. 1938); Seagraves v. Wallace, 69 F.2d 163 (5th Cir.1934); Meredith v. Fair, 306 F.2d 374 (5th Cir.1962); Lauro v. U.S., 163 F.2d 642 (2d Cir.1947).
 
 
 2
 In ruling on the cross appeal, we held that the trial court should have awarded interest at 10% per annum on amounts owed by appellants to appellees. This interest at the highest rate allowable in Texas is in the nature of a penalty against a fiduciary for breach of his duty. Langford v. Shamburger, 392 F. 2d 939, 945 (5th Cir.1968). We did not, however, indicate whether the 10% rate was to apply to only the date of entry of the judgment of the trial court (March 3, 1971), or was to continue to apply during the pendency of the appeal and until our mandate issued or until the judgment was paid. The District Court has now entered an order carrying out our mandate, including in the original judgment interest at the 10% rate to the date of judgment and thereafter at the same rate on the entire amount of the judgment, presumably until the judgment is paid.
 
 
 3
 We grant the motion of the appellants-cross appellees. As a general rule, interest as an element of damages runs from the time the cause of action accrues until the time of judgment, Montgomery Ward & Co. v. Collins Estate, Inc., 268 F.2d 830, 838 (4th Cir. 1959); see Reed v. Fulton, 384 S.W.2d 173, 179 (Tex.Civ.App.1964). Interest on a federal judgment is calculated from the date of entry at the rate allowed by state law. 28 U.S.C. Sec. 1961; Sitton v. U.S., 413 F.2d 1386 (5th Cir.1969). Texas statutes provide for a 6% rate on judgments after entry (with an exception not here pertinent). Article 5069-1.05 Vernon's Ann.Tex.St. (formerly Article 5072).
 
 
 4
 The Texas breach of trust cases depart from tradition and from each other, without taking notice of either, in setting the termination date for the 10% interest penalty. The penalty has been held to apply until the judgment was paid, Ward v. Maryland Cas. Co., 140 Tex. 124, 166 S.W.2d 117, 121 (1942, opinion adopted); until the date the opinion on appeal was rendered, United Hay v. Ford, 81 S.W.2d 776, 777 (Tex. Civ.App.1935); until the time of trial, Thomas v. Hawpe, 35 Tex.Civ.App. 311, 80 S.W. 129, 132 (Tex.Civ.App.1904) (so held without comment); and until the time the defaulting trustee died, which preceded the filing of the lawsuit, Van Orden v. Pitts, 206 S.W. 830, 832 (Tex. Comm'n App.1918, jdgm't adopted). This multiplicity of views suggests that Texas does not consider one rule to exist for all cases. In Sitton v. U.S., supra, this court sustained the applicability of the 6% rate of Article 5069-1.05 (then Article 5072) to a deficiency judgment on a Veterans Administration mortgage, over the argument that VA regulations provide for 4% interest on the deficiency after foreclosure, and, though the regulations are silent as to interest after judgment, the underlying Congressional policy of favoring veterans as a class requires continuation of the 4% rate after judgment. We said:
 
 
 5
 To hold that the congressional intent to benefit veterans continues after judgment would require clearer expression than is demonstrated in the statutes or regulations.
 
 
 6
 413 F.2d at 1390. Similarly, in this instance, we perceive no clear expression from the Texas courts requiring a departure from Article 5069-1.05. Also we note that in Ward and United Hay the appellate courts themselves directed the termination date without remanding for consideration at the trial level.
 
 
 7
 The rights of the beneficiaries were adequately vindicated by the charge of 10% to date of entry, producing interest of more than $20,000. While the appellants were unsuccessful on appeal and cross-appeal, their claims were not frivolous. Langford v. Shamburger does not command a different result than we reach. That case decided that the 10% rate must be applied automatically to breaches of trust. It did not decide whether (and when) the penalty ceases to run and the general law of judgments, with its accompanying underlying policies, becomes operative again.
 
 
 8
 The motion of appellants-cross appellees is granted. The original mandate is withdrawn and the Clerk shall issue an amended mandate accordingly.
 
 
 
 [1]
 Reported at 459 F.2d 268 (5th Cir. 1972)