## LAURO v. UNITED STATES.
### No. 233, Docket 20140.

Circuit Court of Appeals, Second Circuit.

Sept. 11, 1946.

## CONSUMERS ALUMINUM CO. v. DRESSER.
### No. 3404.

Circuit Court of Appeals, Tenth Circuit.

Sept. 18, 1946.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This cause coming on to be heard upon the appeal taken herein by United States of America, the respondent, and it appearing to the court that a writ of certiorari has

been granted by the Supreme Court of the United States, American Stevedores, Inc., v. Porello, 66 S.Ct. 1013, to review the decree entered by this court in the case of Porello v. United States and American Stevedores, Inc., 2 Cir., 153 F.2d 605, and it also appearing to the court by an inspection of the transcript of the record upon the appeal in this cause, and as a result of the briefs and argument submitted by the proctors for the parties, that a question arises in this cause which was involved in the decision in the last mentioned cause:

Now therefore, this court hereby certifies to the Supreme Court of the United States the following question of law concerning which it desires the instructions of the Supreme Court for the proper decision of the appeal herein, under the following facts:

On May 27, 1943, Peter Lauro died as a result of injuries suffered by him on May 26, 1943, while he was employed by Marra Bros., contracting stevedores, on board respondent's vessel, designated as No. 596, which vessel was docked at Pier 4, Staten Island, New York. The death was caused by personal injuries suffered by Lauro when he fell from a hatch cover on the vessel's main deck into the hold. At the time of the accident, the vessel, No. 596, was owned by the United States of America, respondent, and had been allocated by the respondent to the United States Army. It was being loaded with cargo which was owned by the United States, and which consisted of Army and Navy property and Lend-Lease material which was being shipped to North Africa. Marra Bros., the employer of the deceased, was hired by the United States Army to load the vessel.

Thereafter, Lauro's widow filed a libel in the United States District Court for the Eastern District of New York against United States of America to recover damages under the Public Vessels Act of 1925, 46 U.S.C.A. § 781, for wrongfully causing Lauro's death. In this proceeding the District Court rendered a decree awarding damages to the libelant in the sum of $25,000. From this decree an appeal was taken to this court, and the cause came on for argument on March 12, 1946. On this appeal, the respondent-appellant, contended

that the said Public Vessels Act of 1925 provided a remedy against the United States for damage to property only, but not for damage to a person or damage arising by reason of the death of a human being. The question thus arising is as follows:

Does the word "damages," as it appears in the following sentence of the Public Vessels Act of 1925, 46 U.S.C.A. § 781:

"A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided, That the cause of action arose after the 6th day of April, 1920."

mean damages to property only, or does it mean, as well, damages under Sections 130 to 134 of the Decedent Estate Law of the State of New York, Consol. Laws, c. 13, recoverable by a personal representative because of the death of a human being? Which question, arising from the facts aforesaid, is hereby submitted to the Supreme Court.

LEARNED HAND, CLARK, and FRANK, Circuit Judges, concur.