## LAURO v. UNITED STATES.

No. 90, Docket 20140.

Circuit Court of Appeals, Second Circuit.

Sept. 22, 1947.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Kirlin, Campbell, Hickox & Keating and Raymond Parmer, all of New York City, of counsel), for United States, respondent-appellant-appellee.

Jacob Rassner, of New York City, for libelant-appellee-appellant.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

The present motion is designed to procure a ruling as to whether or not an award by the district court in accordance with our opinion, 2 Cir., 162 F.2d 32, should carry interest from the date of death of the longshoreman, plaintiff's intestate, on May 27, 1943. Our decision did not call for the award of interest, but respondent, in making this motion, states that the district court construes such an award to be required by the Supreme Court's answer in American Stevedores, Inc., v. Porello, 330 U.S. 446, 458-460, 67 S.Ct. 847, 855, to the question we reserved in Lauro v. United States, 2 Cir., 157 F.2d 416. It is true that

the answer, responsive to the question, said: "The word 'damages' as used in 46 U.S.C. § 781, 46 U.S.C.A. § 781, includes damages under §§ 130-134 of the Decedent Estate Law of the State of New York [Consol.Laws, c. 13], recoverable by a personal representative because of the death of a human being." And it is further true that § 132 of the N.Y. Decedent Estate Law states specifically that, "When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment." This is the basis for the action taken or contemplated below.

But quite obviously the Court was not trying to pass upon subordinate issues not raised or argued before it, and we are convinced that the answer given does not foreclose consideration of this question. Moreover, the federal statute seems too clear for argument. The statute cited in the answer, 46 U.S.C.A. § 781, is the first section of the Public Vessels Act; by its second section, 46 U.S.C.A. § 782, it provides for the venue of the suit and then continues: "Such suits shall be subject to and proceed in accordance with the provisions of chapter 20 of this title or any amendment thereof, insofar as the same are not inconsistent herewith, except that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest."

In addition to the plain terms thus employed, reference may be made to the anomalous situation which must result when "the provisions of chapter 20" are applied. For by 46 U.S.C.A. § 743, the judgment when rendered bears only 4 per cent interest, though the claim here is for 6 per cent to the date of the judgment. To the same effect is a strong dictum in Boston Sand & Gravel Co. v. United States, 278 U.S. 41, 47, 49 S.Ct. 52, 53, 73 L.Ed. 170, where the Court declined to award interest where jurisdiction was conferred by a special statute which did not cover the matter. Holmes, J., added: "The later general statute passed as a substitute for special bills like the one before us, allows suits in ad-

miralty for damages done by public vessels but excludes interest in terms."

Accordingly we grant the motion so far as it calls for an interpretation of the mandate, but deny it so far as it asks for a recall of or change in the mandate.