**LAURO v. UNITED STATES.**

No. A 16996.

District Court, E. D. New York.

Dec. 15, 1947.

Decree Modified June 4, 1948.

Jacob Rassner and Benjamin Green, both of New York City, for libelant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., by Kirlin, Campbell, Hickox & Keating, of New York City, for respondent.

ABRUZZO, District Judge.

In this action an order has been presented to me by the respondent as a result of a mandate from the Circuit Court of Appeals for the Second Circuit which reviewed a decree entered by me on the 22nd day of July, 1947.

This is a death action, and when that decree was entered on July 22, 1947, I allowed interest to be included in the judgment, pursuant to Section 132 of the Decedent Estate Law of the State of New York, Consol.Laws, c. 13, which provides:

"When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment. * * *"

The Circuit Court, 163 F.2d 642, upon the appeal by the respondent from the decree of July 22, 1947, resisting the inclusion of interest, sent back the case to me for an interpretation with respect to interest only.

46 U.S.C.A. § 781, under which this action was brought, contains the first section of the Public Vessels Act. Section 782 provides that actions brought under Section 781 shall "proceed in accordance with the provisions of chapter 20 of this title or any amendment thereof, insofar as the same are not inconsistent herewith, except that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest."

I must follow the federal statute because the action was instituted to enforce liability under a federal statute, 46 U.S.C.A. § 781.

The question of interest was not directly raised in American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, or United States v. Lauro, decided simultaneously with the Porello case. The United States Supreme Court in a footnote of its decision stated the facts of the Lauro case as follows (330 U.S. at page 459, 67 S.Ct. 854):

"Thereafter, Lauro's widow filed a libel in the United States District Court for the Eastern District of New York against United States of America to recover damages under the Public Vessels Act of 1925, 46 U.S.C. § 781, 46 U.S.C.A. § 781, for wrongfully causing Lauro's death. In this proceeding the District Court rendered a decree awarding damages to the libelant in the sum of $25,000. From this decree an appeal was taken to this court, and the cause came on for argument on March 12, 1946."

The only pertinent question before the Court in these two cases was whether or not the action would lie under Section 781. I am quite certain that had the question been raised before that Court as to whether or not interest was allowable, the Supreme Court would have followed the federal statute.

This conclusion is plainly indicated in the language of the Circuit Court of Appeals for the Second Circuit which in its decision (Lauro v. United States, 2 Cir., 163

F.2d 642) cited Boston Sand & Gravel Co. v. United States, 278 U.S. 41, 47, 49 S.Ct. 52, 73 L.Ed. 170, where the Court declined to award interest where jurisdiction was conferred by a special statute. The Court then held (163 F.2d at page 643):

" 'The later general statute passed as a substitute for special bills like the one before us, allows suits in admiralty for damages done by public vessels but excludes interest in terms.' "

I have not signed the order submitted by the respondent as it does not take into account interest from the time of the rendition of judgment as provided by Section 782.

An order, therefore, may be submitted in accordance with this decision.